## VINCENT vs. ROGERS.

[ACTION FOR MONEY HAD AND RECEIVED.]

1. *When assumpsit lies against trustee or bailee.*—Where money is deposited in the hands of a trustee or bailee, for the use and benefit of a minor, to be expended by him in defraying the charges of her clothing, schooling and other necessary expenses, under a contract which would authorize the minor, on attaining majority, to maintain an action for money had and received, if a balance had been ascertained against him on settlement, or if he never entered on the discharge of the fiduciary duties devolved on him,— the fact that the trustee, in a former action brought against him by the minor, under appropriate issues, proved all the expenses incurred by him under the contract, and the plaintiff then recovered a judgment on verdict against him, which judgment is unreversed, restores the plaintiff's right of action on the contract, as if the trustee had never entered on the discharge of his duties, or a balance had been ascertained against him on settlement.

APPEAL from the Circuit Court of Autauga.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by Sarah J. Vincent, against Mills Rogers, and was founded on a writing which is in these words:

"Washington, Ala., January 1, 1844.

"This is to certify, that Joseph H. Vincent deposited in my hands four hundred dollars on the 1st May, 1842, for the use and benefit of Sarah J. Vincent, to be kept for her use and benefit; which amount of money is to bear the lawful interest of eight per cent. *per annum.* And it is agreed, that I am to furnish the said Sarah J. Vincent what amount of clothing, schooling, and other probable expenses, as I may think necessary, and am to be allowed of said expenses to be deducted from the said deposit of four hundred dollars in my hands.        MILLS ROGERS."

At the January term of this court, 1857, the judgment of the circuit court on a former trial was reversed, and the cause remanded.—See the report of the case in 30 Ala. 471. After the remandment of the cause, the plaintiff filed an "amended and additional complaint," which was as follows:

"1. The plaintiff claims of the defendant, also, another sum of four hundred dollars, due to plaintiff by a written agreement made by defendant on the 1st January, 1844, which agreement is substantially as follows:" (setting it out as above copied.) Plaintiff avers, that said agreement and said money due thereon *is* her property and right; that she was a minor, under the age of twenty-one years, when said agreement was made; that she became and was of age before this suit was brought, to-wit, on the 1st December, 1853; that before this suit was brought, to-wit, on the 1st December, 1853, she demanded of defendant the money due to her under and by virtue of said agreement, and of the facts aforesaid; and that defendant wholly failed and refused to pay her said sum of money, or any part thereof. Plaintiff avers, also, that at the fall term of said circuit court of Autauga county, 1853, plaintiff, then a minor, suing by her next friend, Joseph H. Vincent, recovered a judgment against said defendant; that in said suit, which was for work and labor done for defendant by plaintiff, the defendant filed, with other

pleas, the pleas of set-off and payment; that plaintiff took issue thereon; that on the trial thereof, the defendant gave evidence of money paid by him for schooling of plaintiff, and of money paid by him for clothing plaintiff, and of the value of her board furnished by defendant, and of the value of books furnished her by him; that said account for board, schooling, clothing and books, furnished plaintiff by defendant, were for her board, clothing, schooling and books furnished her during the whole period she lived with defendant, and for the whole period that he acted as her trustee, to-wit, from the 1st May, 1842, to the 1st January, 1852; that these items were all the items which he had expended for and on her account; that the jury considered of said items, and gave a verdict, in favor of the plaintiff in said action, of $—; that the judgment of the court was thereon rendered in favor of the plaintiff, and that said judgment has never been reversed. And plaintiff avers, that said defendant has never incurred any other expense on her account, and has not furnished to her since the commencement of said suit any money, clothing, schooling, books, board, or any other thing whatever, nor has he incurred any liability since the commencement of said suit on her account; that since the commencement of said suit he has ceased to act in any way for her, as trustee, or friend, to-wit, since the 1st January, 1852; that there is no account of said trust to be entered into and had between plaintiff and defendant, on account of any expenditures under and by virtue of said instrument declared upon as above; and that the whole sum of four hundred dollars, with interest from the 1st day of May, 1842, is due and owing to her, exclusive of any and all demands of defendant, which demands were passed upon and adjudicated in the trial aforesaid.

"2. The plaintiff claims of the defendant, also, the further sum of four hundred dollars, due to plaintiff by a written agreement made by defendant on the 1st day of January, 1844, which is substantially as follows," (copying the agreement.) Plaintiff avers, that said agreement, and said money due thereon, is her property and right;

that she was a minor, under the age of twenty-one years, when said agreement was made; that she became and was of age, to-wit, of the age of twenty-one years, before this suit was brought, to-wit, on the 1st day of December, 1853; that before this suit was brought, to-wit, on the 1st December, 1853, she demanded of said defendant the money due to her under and by virtue of said agreement, and of the facts aforesaid; and that said defendant wholly neglected and refused to pay her said sum of money, or any part thereof. And plaintiff further avers, that at the fall term of the circuit court of said county of Autauga, 1853, plaintiff, then a minor, suing by her next friend, Joseph H. Vincent, recovered a judgment against said defendant; that in said suit, which was for work and labor done by plaintiff for defendant, the defendant filed, with other pleas, the pleas of set-off and payment, and plaintiff took issue thereon; that on the trial thereof, the defendant gave evidence of money paid by him for schooling of plaintiff, and of money paid by him for clothing plaintiff, and of the value of her board furnished her by defendant, and of the value of books furnished her by him; that said account for board, schooling, clothing and books, furnished to her by defendant, were for her board, clothing, schooling and books furnished her during the whole period she lived with defendant, and for the whole period that he acted as her trustee, to-wit, from the 1st May, 1842, to the 1st January, 1852; that these items were all the items he had expended for and on her account; that the jury considered upon said items, and gave a verdict in said suit, in favor of the plaintiff, of $—; and that the judgment of the court was thereon rendered in favor of the plaintiff, which judgment has never been reversed. And plaintiff avers, that said defendant has never incurred any other expenses on her account, and has not furnished her since the commencement of said suit any money, clothing, schooling, books, board, or any other thing whatever; that he has not incurred any liability on her account since the commencement of said suit; and that since the commencement of said suit he has ceased to act in any way for her as trustee or friend,

to-wit, since the 1st January, 1852. And plaintiff avers, that there is no account of said trust to be entered into and had between plaintiff and defendant, on account of any expenditures under and by virtue of said instrument declared on as above; and that the whole sum of four hundred dollars, with interest thereon from the 1st May, 1842, is due and owing to her, exclusive of any and all demands of defendant, which demands were passed upon and adjudicated in the trial aforesaid. And plaintiff further avers, that heretofore, to-wit, on the 1st December, 1853, a settlement was had between plaintiff and defendant, of all matters of expense for board, clothing, schooling and other expenses incurred by defendant on account of plaintiff, and a balance struck; and that the sum of four hundred dollars, with interest from the 1st May, 1842, is the balance due to plaintiff, for which she sues."

The court sustained a demurrer to each of these counts, leaving only the common counts in the complaint. On the trial, as the bill of exceptions states, after the plaintiff had read in evidence the writing above copied, "the defendant introduced in evidence facts tending to show that, from the 1st May, 1842, to the 1st January, 1852, he had paid money for the board, clothes, and schooling of the plaintiff during that time. · The plaintiff then introduced the records of the court, showing that, at the spring term, 1852, of said circuit court, she, by her next friend, sued the defendant for work and labor; that the defendant pleaded .set-off and payment, and, under the plea of set-off, proved a large amount of money paid out and expended by him, between the 1st May, 1842, and the 1st January, 1852, for board, clothing, schooling, and other expenses of plaintiff; that he boarded her a part of the time, and the value thereof. The record showed a verdict for plaintiff of *one cent*, the judgment of the court thereon, and that said judgment is unreversed. This being all the evidence, the court charged the jury, that if they believed the evidence, this court has no jurisdiction of the cause, and the plaintiff cannot recover; to which ruling of the court the plaintiff excepted."

In consequence of these rulings of the court, the plaintiff

was compelled to take a nonsuit, which she now moves to set aside.

ELMORE & YANCEY, with WM. H. NORTHINGTON, for the appellant, cited Vincent v. Rogers, 30 Ala. Rep. 471; Guernsey v. Carver, 8 Wendell, 492; Stevens v. Lockwood, 13 Wendell, 644; Evans v. Billingsley's Adm'r, 32 Ala. 395; 2 Rich. (S. C.) Rep. 560.

WATTS, JUDGE & JACKSON, with BYRD & MORGAN, *contra*, cited Hitchcock v. Lukens, 8 Porter, 333; Wilson v. Seargent, 12 Ala. 778.

STONE, J.—When this case was heretofore in this court—January term, 1857—we held, that the written contract declared on, *per se*, created a *prima-facie debt*, on which an action at law can be maintained; but, we added, "if, in pursuance of the apparent intention of the instrument offered in evidence, Rogers entered upon and executed, either in whole or in part, the duties which he seems to have taken upon himself, we are satisfied no action at law can be maintained on the contract, until a settlement is had, and a balance struck."

In another place we said, "If, on the other hand, Mr. Rogers has incurred no expenses or liabilities for Miss Vincent under said agreement, or if a settlement has been had and a balance struck, then an action at law is clearly maintainable."

On the former trial, nothing was presented before us but the written contract; and hence we only pronounced on the *prima-facie* intendments, and what would overturn them. The present record raises a question not presented by the former one. The amended complaint avers, that in a former suit by the present plaintiff against the present defendant, and under appropriate issues, evidence was given by the defendant of all items of board, schooling, clothing, &c., which he ever incurred for and on account of the plaintiff; that the jury considered upon said items, and gave their verdict; that the court gave judgment thereon, which judgment has never been re-

versed; and that these are the only items of expense ever incurred by defendant for the plaintiff. These averments are drawn out with great particularity, and omit no material fact, necessary to the proper pleading of a former recovery. If the averments in the amended complaint be true, this case, in its legal bearings, must stand as if the parties had come to a settlement, and plaintiff had paid to defendant all items of charge and expense incurred on her account.—Evans v. Billingsley's Adm'r, at the last term, and authorities therein collected. The demurrer admits the truth of every thing that is well pleaded. This being the case, the written contract must stand restored to the state it would be in, if Mr. Rogers had never incurred any expense or liability for plaintiff, and an action at law can be maintained on it.—See, also, Cowen & Hill's Notes to Phil. Ev. (edition by Van Cott,) part II, page 164.

The judgment of the circuit court is reversed, nonsuit set aside, and the cause remanded.