THOMAS LAUGHLIN CO. v. AMERICAN SURETY CO. OF NEW YORK.
BLAKE et al. v. SAME.    BOYD v. SAME.    CLEAVES v. SAME.
POST v. SAME.    JOHNSON v. SAME.

(Circuit Court of Appeals, First Circuit.    April 16, 1902.)

Nos. 405, 406, 407, 408, 409, 410.

1. SURETY—LIABILITY.
   A surety's liability does not ordinarily extend beyond the penal sum of the bond,—as, for instance, to costs and interest,—unless he has in some way resisted or obstructed the recovery of the claim against him.

2. SAME—CONTRACTOR'S BOND—CLAIMS ACQUIRED BY THIRD PARTY CONTRACTING TO INDEMNIFY SURETY.
   In computing the pro rata to be paid creditors of a defaulting contractor by the surety on his bond (the penalty of the bond being insufficient to satisfy the claims in full), claims which have been acquired by a third party, who has contracted to indemnify the surety, should be considered.

Appeals from the Circuit Court of the United States for the District of Maine.

Benjamin Thompson, for appellants.

Thomas L. Talbot (Henry C. Wilcox, on the brief), for appellee American Surety Co. of New York.

Harry R. Virgin (Franklin C. Payson, on the brief), for appellees Allen and Hutchinson.

Before COLT, Circuit Judge, and BROWN and LOWELL, District Judges.

LOWELL, District Judge. Morgan contracted to build for the United States a battery on Diamond Island. The American Surety Company was the surety furnished upon his bond in accordance with chapter 280 of Acts 1894 (28 Stat. 278). Morgan broke his contract, having become indebted to a considerable number of persons while engaged upon the contract work. Some of these persons brought suits against the surety company under chapter 280. The surety company filed a bill in equity, ancillary to these suits, for the purpose of settling its liability both to the plaintiffs in the suits mentioned and to other creditors of Morgan, so far as these creditors should come in. The penal sum of the bond is probably insufficient to pay the statutory claims in full. The claims against the surety company thus arising under chapter 280 were referred to a master. Exceptions were taken to his report, and were dealt with by the circuit court. The appellants now seek to reverse the action of that court in dealing with certain claims.

The circuit court disallowed certain claims for labor, tools, and other supplies, and for the transportation of material to Diamond Island. For the purposes of this case, it is not necessary to decide if the statute of 1894 should be held to cover more than is covered by the ordinary lien statutes of the states. However this may be, we are of opinion that the labor and materials here in controversy are plainly without the purview of the statute. All the appeals except that taken by the Laughlin Company are thus disposed of.

That company has contended that the surety company is liable, over and above the penal sum of the bond, for interest thereon, and for the costs of the suits brought against the surety company. A surety's liability does not ordinarily extend beyond the penal sum of the bond, unless he has in some way resisted or obstructed the recovery of the claim against him. No acts of resistance or obstruction have been shown in this case, other than those which have been already compensated by the allowance in the suits at law of costs accrued up to the time of the filing of this bill. This court is not now asked to decide if costs or interest should be allowed the claimants as against the fund arising from the penalty of the bond, but only if costs or interest should be allowed as against the surety company outside that fund. To some extent the former appear to have been allowed, and to some extent allowance has been suspended to await the further action of the circuit court.

The Laughlin Company further contended that in computing the claims which are to be satisfied by the surety company out of the penalty of the bond there should be excluded certain claims now held for the benefit of one Allen, who had contracted to indemnify the surety company from loss on its bond. The evidence does not show, as was contended, that Allen was a partner of Morgan, and so the claims are not to be excluded on that ground. It follows, therefore, as stated by the learned judge below, that in computing the pro rata to be paid the other creditors these claims must be taken into consideration, "as any other ruling would compel Allen to now reimburse the complainant the full penal amount of its bond, notwithstanding he had acquired these claims; and it would also give the other creditors a larger percentage than they are technically entitled to." If these claims—some purchased by Allen, and others already paid by the surety company, which has been reimbursed by Allen—be not reckoned among the liabilities of Morgan to be charged against the fund furnished by the penalty of the bond, Allen will be required under his guaranty to pay not only the penalty of the bond, but also an additional sum equal to the amount expended by him in this purchase and reimbursement.

In each case the decree of this court is as follows:

The decree of the circuit court is affirmed, and the costs of appeal are awarded to the appellee.