(80 South. 458)

FOLKES v. CENTRAL OF GEORGIA RY. CO. (4 Div. 796.)

(Supreme Court of Alabama.   June 20, 1918. On Rehearing, Nov. 14, 1918.)

1. COURTS ⬤⇒7—TRANSITORY ACTION—PERSONAL INJURY CASE.

An action by resident of Alabama against a railroad incorporated under the laws of Georgia, for death of plaintiff's husband as result of accident taking place in Alabama, can be brought in the courts of Georgia, being a transitory action.

2. COURTS ⬤⇒35 — JURISDICTION — CORPORATIONS—RESIDENCE OF INCORPORATORS—PRESUMPTION.

Relative to question of jurisdiction of action, a corporation will be presumed to be composed of residents of the state under the laws of which it was incorporated.

3. COURTS ⬤⇒35—FOREIGN CORPORATIONS—PRESUMPTION.

A corporation organized under the laws of Georgia, with its principal place of business in that state, will be presumed to be composed of residents of such state, notwithstanding its compliance with Code 1907, § 3642 et seq., entitling it to engage in business as foreign corporation in Alabama.

4. COURTS ⬤⇒516 — PROSECUTION OF SUIT BROUGHT IN DIFFERENT STATE.

Alabama resident will not be enjoined from prosecuting in courts of Georgia suit against railroad for death of her husband, as result of accident taking place in Alabama, where railroad seeking such injunction, because of disadvantage of Georgia laws, was incorporated under the laws of Georgia, and has its principal place of business in such state.

---

On Rehearing.

**5. COURTS ⬥═92—OPINIONS—DICTUM.**

An expression in opinion which is dictum, and in no wise necessary to the decision of the case, cannot be referred to as an authority.

**6. COURTS ⬥═12(3) — FOREIGN CORPORATIONS —ACTIONS.**

A foreign corporation cannot be sued outside of its domicile without legislative enactment authorizing such suit, there being no provision, in the absence of such enactment, for services upon the corporation.

Sayre and Somerville, JJ., dissenting.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by Central of Georgia Railway Company against Eunice O. Folkes, administratrix of the estate of A. M. Folkes, deceased. From decree overruling demurrer to bill, defendant appeals. Reversed and remanded.

Bill by appellee (complainant) against appellant (respondent) seeking an injunction restraining the respondent from the further prosecution of her suit, as administratrix of the estate of A. M. Folkes, deceased, against complainant corporation, in the superior court of Chatham county, in the state of Georgia.

The bill shows that the respondent is a resident of Houston county, Ala., and has been duly appointed administratrix of the estate of A. M. Folkes, deceased; that she instituted a suit for damages against complainant in the Georgia courts to recover for the death of her intestate, alleged to have been caused by the negligence of complainant. It is then averred, upon information and belief, that respondent's intestate at the time of the accident was driving an automobile along a public highway in Houston county, Ala., and drove the same upon the tracks of the complainant railway, directly in front of an approaching train, and said automobile was struck, resulting in the death of respondent's intestate; that there was no intervening object to prevent respondent's intestate from seeing the approaching train, and neither the engineer, fireman, nor any other person in charge of said train had any knowledge of his peril on said track in time to have prevented the injury; that it is either true respondent's intestate failed to stop, look, and listen before going upon the track, at such a distance from the track that he could stop his automobile, or else respondent's intestate, after having stopped, looked, and listened, saw the approaching train, and nevertheless went upon said track directly in front of it, measuring the distance and time it would take to cross, and thereby assuming the risk. It is further averred that the witnesses reside in the state of Alabama, and that the result of bringing the suit in Georgia is to obtain an advantage to which the plaintiff in said action, in Georgia, is not entitled in Alabama, and to unnecessarily impose hardship, oppression, and injury upon the complainant; that under the laws of Alabama complainant has a complete defense in the contributory negligence of the respondent's intestate as a matter of law, but in the state of Georgia the courts do not hold that it is the duty of travelers on highways to stop, look, and listen for approaching trains before attempting to cross a railroad track; that it is held that it is not the absolute duty to stop, look, and listen, but such failure is contributory negligence only when, under the facts and circumstances, the jury should conclude that the failure to stop, look and listen was not the exercise of that ordinary care which every prudent man observes, and that in such cases the courts of the state of Georgia will not follow the rule as established in Alabama, but follow that as established by its own decisions.

The prayer is for a temporary injunction, and, upon a final hearing, it is prayed that the injunction be made perpetual, restraining the respondent from prosecuting her action in the superior court of Georgia.

The bill, with the exhibits attached, discloses that complainant is a corporation organized, existing, and doing business under the laws of the state of Georgia, with its principal place of business in Savannah, Ga., and that it has complied with the laws of Alabama, and is fully authorized to do business in this state, and has been so engaged for a number of years.

The respondent demurred to the bill for want of equity, and upon the further ground that the bill fails to allege that it is an Alabama corporation or citizen of Alabama; that the bill shows that the Central of Georgia Railway Company is a corporation organized under the laws of the state of Georgia, with its principal place of business in the state of Georgia, and that suit was properly filed in Chatham county, Ga. Decree was rendered overruling the demurrer, and from this decree the respondent prosecutes this appeal.

A. E. Pace, of Dothan, for appellant.
B. F. Reid, of Dothan, for appellee.

GARDNER, J. The bill in this case was filed upon the authority of Weaver v. A. G. S. R. R. Co., 76 South. 364.[1] The averments of the bill in the instant case bear very close analogy to those found in the Weaver Case, supra, and the only question for determination here is whether or not the point of difference, hereinafter noted, suffices to deny in the instant case the principle therein recognized:

[1] It is well settled, as stated in the Weaver Case, supra, that in a transitory action of this character the plaintiff could properly

sue in the state of Georgia, and that, therefore, that court had acquired jurisdiction of the cause, and may properly proceed with its trial and determination if there prosecuted by the plaintiff. It was there held also that, when both parties to an action in a sister state are residents of another, the courts of equity in the latter may act in personam upon those parties, and direct them, by injunction, to proceed no further in such suit, when the equities of the case demand the exercise of this power by a court of equity in the state having jurisdiction of the parties. It was there said:

"A purpose to evade the effect of the law of the domicile of the parties, by suing in a foreign state where the substantive law is materially different, is everywhere recognized as a sufficient ground for injunctive relief. * * * This is founded on the just conception that there is essential injustice in the enforcement of rights and duties according to any other standard than that fixed by the law of the place where the parties reside, and where the right or duty arose and the alleged breach occurred."

In the Weaver Case it appears that the respondent was a resident of the state of Alabama, and that the complainant, the Alabama Great Southern Railroad Company, was an Alabama corporation. In the instant case the complainant is a corporation organized under the laws of the state of Georgia, with its principal place of business in that state. The authorities, so far as our investigation extends, seem to apply the principle only in those cases where both parties to the suit are residents within the territorial limits of the state in which the injunction proceeding is sought. Allen v. Buchanan, 97 Ala. 399, 11 South. 777, 38 Am. St. Rep. 187; Story, Eq. Jur. vol. 2, § 899; 1 High on Injunctions, § 106; 6 Pom. Eq. Jur. § 670; notes to Eingartner v. Ill. Steel Co., 59 Am. St. Rep. 879; Cole v. Cunningham, 133 U. S. 107 (118), 10 Sup. Ct. 269, 33 L. Ed. 538.

Indeed, we have been unable to find any cases, and none have been called to our attention by counsel, where injunctive relief has been awarded upon the application of a nonresident. But the numerous cases which have been examined in this connection relate to such suits in which both the complainant and respondent were residents of the same state.

In St. L. & S. F. R. R. Co. v. James, 161 U. S. 545, 16 Sup. Ct. 621, 40 L. Ed. 802, it was held:

"There is an indisputable legal presumption that a state corporation, when sued or suing in a circuit court of the United States, is composed of citizens of the state which created it; and hence such a corporation is itself deemed to come within that provision of the Constitution of the United States, which confers jurisdiction upon the federal courts in 'controversies between citizens of different states.'"

In that opinion it was further said:

"The presumption that a corporation is composed of citizens of the state which created it accompanies such corporation when it does business in another state, and it may sue or be sued in the federal courts in such other state as a citizen of the state of its original creation."

The case of Louisville, N. A. & C. R. R. Co. v. Louisville Trust Co., 174 U. S. 552, 19 Sup. Ct. 817, 43 L. Ed. 1081, quotes with approval the James Case, in which latter case the question is exhaustively treated.

[2, 3] We think the reasoning in that case applicable to the situation here presented. The complainant is shown to be a corporation organized under the laws of the state of Georgia, with its principal place of business in that state; and it is therefore a foreign corporation, doing business in this state by virtue of the statutes in reference thereto. Section 3642 et seq. of the Code of 1907. And the fact that such foreign corporation has qualified to do business in this state, and is so engaged, does not change the rule of presumption above noted, as is disclosed by the quotation from the James Case.

Under the James Case, supra, it is to be presumed that the corporation is composed of citizens of the state which created it, and, therefore, within the meaning of the principle here involved, the complainant must be treated as a citizen of the state of Georgia. The action sought to be enjoined is of a transitory nature, and that the plaintiff in that action (respondent here) had the right to institute this suit in the state of Georgia, where the complainant had its principal place of business, and wherein it was given its corporate life, is of course clear and uncontroverted.

[4] The question then arises, has the complainant, as a resident citizen of the state of Georgia, a standing in the courts of equity in this state to enjoin the prosecution of a suit against it in the state of its creation and domicile? We think the correct answer is in the negative.

It could hardly be contended that an individual resident of the state of Georgia could successfully maintain injunction proceedings against a resident of this state from prosecuting a suit against him in the state of Georgia, in an action of this character, and we have found no cases in which such an effort has been made. The complainant here, so far as the purposes of this case are concerned, is likewise considered as a resident of the state of Georgia, and we are unable to see any clear reason why the principles should be given application in favor of the corporation and denied under like circumstances to the individual. Clearly the complainant cannot be heard to complain of a suit against it in the state of its creation and domicile because the decisions or rulings of the courts

of its own state may be less to its advantage in a suit of this character.

We are unwilling to extend the principles of the Weaver Case so as to grant the nonresident injunctive relief against a citizen of this state from the prosecution of his cause of action in the state of the domicile of the nonresident.

It results, therefore, that, in our opinion, the bill was without equity, and the demurrer should have been sustained. The decree is therefore reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.

McCLELLAN, J., concurs in the opinion, but does not agree to the soundness of the Weaver Case.

### On Rehearing.

GARDNER, J. Upon this application counsel for appellee insist that the exact question here involved was determined in its favor by the Supreme Court of Mississippi in the case of Fisher v. Pac. Mut. Life Ins. Co., 112 Miss. 30, 72 South. 846.

[5] This case has been carefully examined by us, and we do not find that the question here involved was there determined. The gist of the decision was simply to the effect that the courts of Mississippi would give full effect and validity to the injunction obtained against the plaintiff in the state of Tennessee, where the plaintiff resided, and the opinion is unquestionably based upon sound ground. While it is true the opinion contains an expression which supports the contention of appellee in this cause, yet that expression was but a dictum, and in no wise necessary to a decision thereof. We are therefore of the opinion that the Fisher Case cannot be referred to as an authority against the conclusion here reached.

Nor are we impressed with the insistence that in this decision we have worked any discrimination against the appellee of which he can complain, nor that what is here decided in any manner conflicts with the holding of the court in So. Rwy. Co. v. Greene, 216 U. S. 400, 30 Sup. Ct. 287, 54 L. Ed. 536, 17 Ann. Cas. 1247.

The rule announced in the Weaver Case is but the application of a rule of a court of equity established and extended for the benefit of the citizens of the state. Appellee is domiciled within the state of Georgia, and, as previously shown, is presumed to be a citizen of that state.

This is a transitory action, and, so far as legal rights are concerned, it has been held that the state is without power to restrict the plaintiff in such action to the courts of Alabama in the prosecution of such a suit

(W. U. Tel. Co. v. Howington, 73 South. 550;[2] Tenn. Coal Co. v. George, 233 U. S. 354, 34 Sup. Ct. 587, 58 L. Ed. 997, L. R. A. 1916D, 685); and the above-stated rule should be carefully guarded in its application lest it be abused.

[6] It is also well settled that without legislative enactment a foreign corporation could not be sued outside of its domicile, as there was no provision for service upon it. Pullman Palace Car Co. v. Harrison, 122 Ala. 149, 25 South. 697, 82 Am. St. Rep. 68. So that, while the appellee in this case is subject to suit in Alabama, as is alleged in the bill, it is so subject only by virtue of legislative enactment; and therefore any residential status should be viewed from that standpoint.

If the rule is to be extended to the appellee in the instant case, then, of course, it must be uniform, and extend to all foreign corporations authorized to do business in this state. The practical operation of such a rule would in many cases work injustice to the resident citizens of Alabama. There are doubtless numerous foreign corporations fully authorized to do business in Alabama and so engaged, yet which have not sufficient property subject to execution and sale out of which a judgment could be collected. The enforcement of such a rule in cases of that character would require the resident citizen of Alabama to obtain a judgment uncollectible in this state, and force him to sue upon the same in a foreign jurisdiction, and thus place him to the inconvenience and expense of two suits for the satisfaction of a single claim. The rule, after all, is but a privilege extended by the state to its citizens to prevent one citizen from obtaining an undue advantage over another; and we think there can be no question of the right of the state to decline to extend the rule to foreign corporations, although by legislative enactment authorized to do business in the state. Blake v. McClung, 172 U. S. 241, 19 Sup. Ct. 165, 43 L. Ed. 432.

The appellee seeks to enjoin a suit by a citizen of this state against it in the state of its domicile, and of course, the decision here is confined to the situation thus presented; and we see nothing out of keeping with sound reasoning and the ends of justice in declining to forbid a suit being prosecuted against it in the forum of its domicile, where alone it could be sued, but for the constitutional and statutory provisions of this state.

We are not persuaded that the rule announced in the Weaver Case should be extended to embrace the situation here presented, and the application will be denied.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur in the opinion; McCLELLAN, J., concurs in the conclusion; SAYRE and SOMERVILLE, JJ., dissent.

[2] 198 Ala. 311.