(93 South. 473)

**BRADFORD v. NATIONAL SURETY CO.**
(6 Div. 658.)

(Supreme Court of Alabama. May 18, 1922.)

**1. Sheriffs and constables ⊂⟩158 — Surety's responsibility limited by penal sum named in bond, though damages are greater.**

The responsibility of the surety on a deputy sheriff's bond executed under Acts 1915. p. 382, is limited by the penal sum named therein, though damages may have been sustained to a greater extent.

**2. Sheriffs and constables ⊂⟩156 — Satisfaction of judgment for full amount of penalty of bond a good defense in other action against surety on bond.**

In an action on a deputy sheriff's bond executed under Acts 1915, p. 382, the surety may defend on the ground that a judgment has been obtained against it to the full amount of the penalty of the bond, and has been satisfied, though the defense is not available unless the judgment has been satisfied.

**3. Execution ⊂⟩171(1) — Collection of judgment against surety enjoined after satisfaction of prior judgment for full amount of penalty.**

Where a judgment was obtained against the surety on a deputy sheriff's bond after rendition of other judgment for full amount of penal sum named in bond, but prior to satisfaction of the prior judgment, the surety, subsequent to the satisfaction of the prior judgment, was entitled to an injunction restraining the collection of the last judgment; its failure to defend the subsequent action on the ground of the rendition of the prior judgment not constituting negligence, in view of the fact that the prior judgment had not been satisfied at such time.

**4. Sheriffs and constables ⊂⟩156—Surety in suit on deputy sheriff's bond not required to file bill of interpleader.**

In action on deputy sheriff's bond, the surety was not required to file bill of interpleader and deposit the amount of the penalty of the bond in court, but could satisfy first judgment obtained against it and bring action to enjoin collection of subsequent judgment obtained prior to satisfaction of first judgment, in view of Code 1907, § 1517, as amended by Acts 1915, p. 856, § 6.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by the National Surety Company against Frank Tally Bradford. From a decree overruling demurrer to bill and defendant's motion to dissolve temporary injunction, defendant appeals. Affirmed.

Weatherly, Birch & Hickman, of Birmingham, for appellant.

It was the duty of complainant to defend itself in the Bradford case from further liability on the official bond. 25 A. & E. Encyc. (2d Ed.) 726; 34 Pac. 80; 34 La. Ann. 54; 8 Ga. 569; 82 Ark. 414, 102 S. W. 222, 12 Ann. Cas. 433; 9 Colo. App. 81, 47 Pac. 662; 5 Ala. 645. Complainant should have filed a bill of interpleader and deposited the amount of the penalty. 7 Ala. 281, 42 Am. Dec. 592; 32 Cyc. 121; 181 Ala. 388, 61 South. 930; 3 Pom. Eq. (2d Ed.) §§ 1319–1328; 168 Ala. 270, 53 South. 182; 164 Ala. 642, 51 South. 330; 114 Fed. 627, 51 C. C. A. 247; 23 Cyc. 32; 88 Ind. 515; 52 Ind. 218. Relief by permanent injunction against valid judgment improper. 1 High on Inj. (4th Ed.) §§ 165, 171.

Percy, Benners & Burr and Salem Ford, all of Birmingham, for appellee.

Surety on official bond cannot be held liable in greater sum than penalty. 9 How. 297, 13 L. Ed. 145; 21 How. 66, 16 L. Ed. 50; 8 Ala. 444; 101 Fed. 665, 41 C. C. A. 585; 116 Fed. 1, 53 C. C. A. 513; 25 A. & Encyc. (2d Ed.) 726; 21 R. C. L. 974. Where surety has been compelled by judgment to pay full amount of penalty, equity will enjoin collection of other judgments. 9 How. 297, 13 L. Ed. 145; 21 How. 66, 16 L. Ed. 50; (C. C.) 137 Fed. 222; 171 Fed. 785, 96 C. C. A. 445; 14 R. C. L. 109. Party does not lose right to assert equitable defense by suffering judgment at law. 114 Ala. 563, 22 South. 121. Where bill states case for equitable interference, it is not necessary to have taken appeal from judgment at law. 50 Ala. 69; 8 Ala. 745; 7 Ala. 664; 18 N. M. 473, 138 Pac. 198, 50 L. R. A. (N. S.) 1055. Essentials to bill of interpleader. 67 Ala. 472; 112 Ala. 607, 20 South. 851; 168 Ala. 270, 53 South. 182; 181 Ala. 388, 61 South. 930; 15 Ala. App. 647, 81 South. 139.

SAYRE, J. Appellee filed the bill in this cause, averring that it was surety on the statutory official bond of one Dowis as deputy sheriff of Jefferson county in the penal sum of $2,000, as provided by the act of September 10, 1915 (Acts, p. 382); that on January 7, 1921, Agnes May Sims brought suit against Dowis and appellee, as surety as aforesaid, for wrong and injury theretofore done by Dowis under color of his office, and on October 7, 1921, recovered judgment in the sum

---

⊂⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of $2,000; that on June 16, 1921, appellant brought a similar action against Dowis and appellee and on November 14, 1921, recovered judgment in the sum of $1,000; that on November 23, 1921, Agnes May Sims caused an execution to issue on her judgment, and a copy of the same to be certified to the Commissioner of Insurance, in substantial compliance with section 1517 of the Code as amended by section 6 of the act creating the department of insurance (Acts 1915, p. 836), whereupon, December 12, 1921, complainant paid the judgment thus exhausting the security; that appellant is about to cause an execution on his judgment to issue against complainant and its securities on deposit with the state of Alabama. Wherefore complainant prayed an injunction against any effort by execution or otherwise to collect appellant's judgment out of complainant's property. Appellant's motion to dissolve the temporary injunction, issued upon the filing of the bill, and his demurrer to the bill, being overruled, this appeal followed.

[1] The responsibility of appellee as surety on the bond must be limited by the penal sum therein named, even though damages may have been sustained to a greater extent. Ansley v. Mock, 8 Ala. 444; 25 Am. & Eng. Encyc. (2d Ed.) p. 726; 35 Cyc. 1912.

[2] After recovery and satisfaction of judgment against the surety to the full amount of the penalty of the bond, he may defend at law on that ground against all pending or future actions. Authorities supra.

To make this defense good, the former judgment must have been satisfied. Moore v. Worsham, 5 Ala. 645.

[3] From the statement of facts, supra, it will be noted that complainant (appellee) in this cause could not have pleaded the judgment in the Sims Case against the action by appellant and cannot therefore be charged with negligence in and about making its defense in the latter case. Stevens v. Hertzler, 114 Ala. 563, 578, 22 South. 121. In such case equity will enjoin the collection of the last judgment. Leggett v. Humphreys, 21 How. 66, 16 L. Ed. 50.

[4] But appellant contends that complainant should not have relief for the reason that it might have filed its bill of interpleader, depositing the amount of the penalty of the bond in court to be distributed as equity and good conscience would require. The inference is that in that event the amount of the bond would have been distributed pro rata among appellant and Agnes May Sims— and, possibly, too, among the plaintiffs in other suits pending, but undetermined, against Dowis and complainant as surety, and that it was the duty of complainant to bring about that result. We have seen no authorities so holding. Thomas Laughlin Co. v. American Surety Co., 114 Fed. 627, 51 C. C. A. 247, and American Surety Co. v. Lawrenceville Cement Co. (C. C.) 110 Fed.

717, cited among others, may require brief comment. The bills in these cases were filed under a statute of the United States, and their equity was sustained, not as bills of interpleader, but on the ground that a trust fund, the assets of an insolvent corporation, was to be distributed pro rata among those entitled, as will appear from a reading of the opinion in the last-named case on a prior appeal. (C. C.) 96 Fed. 25. We think it will not be contended at any time that appellee's obligation to pay as much as $2,000 for the use and benefit of any person who might be injured by Dowis' breach of the bond partook in any degree of the nature of a trust. When appellee signed the bond, it did not set apart any fund for the use of persons entitled to the benefit of the instrument. Its liability for wrongs done by Dowis under color of his office, within the limit of the penalty, became just the same as that of Dowis. Nor on the allegations of the bill, can it be fairly said that appellee undertook by its payment to Agnes May Sims, arbitrarily as the brief alleges, to give her a preference over appellant, for the bill avers that payment was made under circumstances such that, in default thereof, the law would have required a summary sale of enough of appellee's securities on deposit with the state treasurer to satisfy that judgment, and, in the event such securities were not replaced within 30 days, a forfeiture of appellee's privilege of doing business in this state. Code, § 1517.

Nor do we see that the circumstances required or permitted an equitable bill of interpleader. Appellant suggests that the fact that both his claim and that of Dowis' first judgment creditor are based on the one bond is enough to establish that privity between the opposing claimants, which the authorities seem to require as a condition precedent to a bill of interpleader. Suggestions of a trust laid aside, it occurs to us that the opposing claims in this case are independent of each other, that each must be asserted as wholly paramount to the other, and that there is no more privity between them than there is in the ordinary case of two persons holding wholly disparate claims against a common debtor. 4 Pom. Eq. Jur. (4th Ed.) § 1324. And, further, notice to the Commissioner of Insurance was in the nature of a levy of execution upon appellee's securities, and appellee had no recourse but to pay, so that, had a bill of interpleader been sustained, equity, following the law, would have decreed that the Sims judgment be first satisfied out of appellee's securities, leaving nothing for appellant. As the case is, appellee's liability on the bond has been exhausted, and equity must protect it against the assertion of any further claims on the same account. Perhaps the same relief might have been had in the law court by a stay of execution; but the court of equity will grant a remedy by in-

junction upon the same principles. Leggett v. Humphreys, supra.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.