(101 South. 190)

**NATIONAL SURETY CO. et al. v. GRAVES et al. (6 Div. 30.)**

(Supreme Court of Alabama. June 26, 1924.)

1. Equity ⚖️59—Basic principle of bill for apportionment of funds under Blue Sky Law bond held sound, equality being equity.

Basic principle of bill for adjustment of claims and equitable apportionment of security, afforded by bonds given under Blue Sky Law, is sound, equality being equity.

2. Licenses ⚖️39—Defrauded purchasers of stock held entitled to sue for equitable apportionment of security furnished by Blue Sky Law bond.

Gen. Acts 1919, p. 948, § 3, subd. 13, does not provide sole remedy to defrauded purchasers of stock, and they may bring action upon Blue Sky Law bond for equitable apportionment.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by W. D. Graves and others against the National Surety Company and others for apportionment of the surety of certain bonds. From a decree overruling a demurrer to the bill, respondents appeal. Affirmed.

Sterling A. Wood, Basil A. Wood, and Eugene H. Hawkins, all of Birmingham, for appellants.

Where the statute provides a bond for the individual indemnity of any defrauded person, and no trust fund is thereby created,

but provision is made for further bonds on the penalty being taken up, any person so defrauded has the right of action and no ratable distribution can be decreed. Acts 1919, p. 946; Laws Mont. 1915, p. 62; Goldberg v. Sisseton, 24 S. D. 49, 123 N. W. 266, 140 Am. St. Rep. 775; Sackett v. Rose, 55 Okl. 398, 154 Pac. 1177, L. R. A. 1916D, 820; Scott v. Jordon, 55 Okl. 708, 155 Pac. 498; 3 C. J. 294; Bradford v. Nat. Surety Co., 207 Ala. 549, 93 South. 473; Cappadonna v. Ill. Surety Co., 68 Misc. Rep. 470, 125 N. Y. Supp. 162; 1 Pomeroy, 419; Webb v. Parks, 110 Ga. 639, 36 S. E. 70; Thomas v. Council Bluffs, 92 Fed. 424, 34 C. C. A. 428; Hunt v. Jones, 203 Ala. 541, 84 South. 718. Defendants may not be joined where there is no privity between them, and their claims are wholly separate and distinct. Authorities supra.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellees.

No brief reached the Reporter.

BOULDIN, J. The purpose of the bill is the adjustment and apportionment of the security afforded by bonds, given under the Blue Sky Law of 1919, among the beneficiaries entitled to share therein. Gen. Acts 1919, p. 946.

The bill is filed by stockholders of Walker Consolidated Petroleum Oil Company, for the benefit of themselves and all others similarly situate who will join in the suit, against National Surety Company, the surety on the several bonds given under the statute, and certain individual stockholders.

It is averred, in substance, that in its application for a permit to sell stock, and in selling its stock to investors, Walker Consolidated Petroleum Oil Company made certain fraudulent misrepresentations touching its assets and its actual and prospective income; that complainants and many other investors in Alabama bought stock in reliance upon these representations, resulting in aggregate losses and damages in excess of the penalties of the several bonds given the state for their protection; that certain individual stockholders were suing at law upon these bonds, and other stockholders were threatening a like course, which would result in the exhaustion of the penalties of the bonds, leaving many stockholders without remedy; that jurisdiction should be taken for the collection of the full penalties of the bonds, the proceeds to be administered for the benefit of all stockholders so defrauded. The bill prays for injunction against the suits at law and for general relief. The appeal is from a decree overruling demurrers to the bill.

[1] The primary equity of the bill is the adjustment of claims and the equitable apportionment of a fund provided by law, which is insufficient to pay claimants in full. The other relief sought is incidental—to do complete equity. The basic principle of the bill is sound. Equality is equity.

In Dimmick v. Register, 92 Ala. 458, 9 South. 79, a purchaser of all the property of another assumed all the debts of the seller not to exceed a fixed amount. The debts exceeded that amount, and a creditor filed a bill for accounting and recovery of his pro rata. It was held that any creditor could sue at law upon his claim; that the equity of the bill depended on whether the debts exceeded the fund provided therefor, saying:

"If they did not, then each creditor had a plain and adequate remedy at law. If, on the other hand, the debts exceeded that sum, each could claim only his pro rata share, which would require an accounting that equity alone is competent to adjust properly. Vincent v. Rogers, 30 Ala. 471; Id., 33 Ala. 224; Cummings v. National Bank, 101 U. S. 153; National Bank v. Commonwealth, 9 Wall. 353."

See, also, Moody v. Keller, 127 Ala. 630, 638, 29 South. 68; Interstate Land & I. Co. v. Logan, 196 Ala. 196, 72 South. 36; 21 C. J. 132, § 110; Id. 133, § 111; 1 Pom. Eq. § 410.

The doctrine of equitable apportionment between creditors having claims against a common fund rests on the same ground as contribution between debtors owing a common debt. Do these principles apply to the bonds taken by the state, for the protection of investors against fraudulent sales of securities, under our statue? This statute says:

"The said bonds shall be payable to the state of Alabama, and be conditioned upon the truth of the statements set forth in the application for such permit, and of the evidence and other probative matter offered to the state official or officials, and upon which the application is based, and upon compliance with the provisions of this act in the sale of the stock of such corporation, proposed corporation, partnership, or unincorporated association. Said bond must be made with a surety company authorized to do business in the state of Alabama, and the bond shall be approved by the superintendent of banks. Any person who shall be induced to purchase any stock of any corporation, proposed corporation, copartnership, or unincorporated association by reason of any misrepresentation or concealment of any material facts concerning such stock, shall have the right to bring suit upon the bond hereinabove provided for, and such bond shall stand as security and indemnity for such person so purchasing the stock, provided that such person or persons shall not be entitled to recover more than the money paid, or the actual value of the property given, or the labor performed, in exchange for such stock, with legal interest from the date of the payment or the performance of the services, or the transfer of the property. One or more recoveries upon such bond shall not vitiate the same, but it shall remain in full force and effect, but no recoveries upon such bond shall ever exceed the full amount of same, and upon suits being filed in excess of the amount of same, the

superintendent of banks may require a new bond, and if the same is not given within thirty days, he may cancel the permit herein provided for." Gen. Acts 1919, p. 948, § 3, subd. 13.

[2] It is suggested this statute provides the sole remedy—a suit at law by each person defrauded, until the penalty of the bond is exhausted; that provision is made for a new bond in case the first is insufficient; that there is no privity of contract between the several purchasers of stock to give them a status as claimants of a common fund in equity; that no trust fund is to be administered, etc.

In Bradford v. National Surety Co., 207 Ala. 549, 93 South. 473, successive suits were brought against the surety on the bond of a deputy sheriff. One plaintiff recovered and enforced collection to the full penalty of the bond. It was held that the surety could enjoin all pending or future actions on the bond. This rule would operate to protect the surety here. It is entitled to stand on the terms of its contract. When it has paid the penalty of the bond upon judgments lawfully recovered against it, it has met the demands of the law. It cannot be converted into a trustee, with the duty to ascertain all the claimants to the fund and cause it to' be apportioned. This would defeat the statute. But the equity here rests on the relation of the claimants to the fund, as among themselves. The only privity required is that they are beneficiaries of a law-created indemnity for their common protection.

These claimants have no power to require a new bond. In fact, the new bond is demanded by the state after suits are pending for amounts in excess of the existing bond, and on failure to give it the penalty is a cancellation of the permit to sell more securities. We think neither these statutory provisions, nor the rights of the surety, as defined in Bradford v. National Surety Co., supra, defeat the equity of apportionment here set up.

It is suggested that the dates when complainants' causes of action accrued should be shown. It is sufficiently shown that they arose after the first bond was given, and before October, 1920, the date when the act of 1919 was superseded by an amended act. Acts 1920, p. 60.

Whether all the bonds stand as a combined security for all claimants, or each is indemnity for claims arising thereafter would not affect the equity of the bill. In the latter event it would be necessary to ascertain what claims were a charge against each bond, and make apportionment accordingly. Each claimant is interested in, and is entitled to, his day in court to contest any other claim and its priority, if need be. So it is not necessary to now determine whether all the bonds stand as joint security for all claims.

The substance of the condition of the bonds is set out in the bill. In this regard,, they conform to the statute.

The alleged misrepresentations in the application and on sales to investors are sufficiently full and specific, and bring the case within the terms of the statute in that regard.

We conclude the bill is not subject to the demurrer, and the decree of the court below is affirmed.

Affirmed.

ANDERSON, C., J., and SOMERVILLE and THOMAS, JJ., concur.