**SOUTHERN SURETY CO v BENDER**

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided November 9, 1931

Simmons, DeWitt & Vilas, Cleveland, for plaintiffs.

Farquharson, Curtiss, Gillie, Gustafson & Miller, Cleveland, for defendant.

RICHARDS and WILLIAMS, JJ (6th Dist) and CROW, J (3rd Dist) sitting.

RICHARDS, J.

It is insisted by the defendant that the plaintiffs in this action could have urged in their defense in the original action brought by Edna B. Bender against them that they were already liabel on a judgment in favor of George H. Bender for an amount equal to the full penalty of the two bonds, and she claims that, not having made the defense in that action, they are not now entitled to an injunction. This contention made by her is not tenable. Judgment was rendered in her action against the sureties on June 28, 1929, at which time they had not paid the judgment in favor of George H. Bender. The sureties remained liable to successive judgments against them, as it is only a plea of satisfaction of the judgment that would have been available to them. As they could not successfully have made that defense in the original case brought by Edna B. Bender, they are now entitled to make their contention in the present action.

We proceed then to consider the rights of the parties on the merits of the present action. The bond which the Metropolitan Casualty Insurance Company signed as surety was executed pursuant to statute, and is in the penal sum of $2,000, while the bond signed by the Southern Surety Company as surety was executed pursuant to an ordinance of the city of East Cleveland, and is in the penal sum of $1,000; each bond being conditioned that the principal should "faithfully, diligently and impartially discharge all the duties of his said office."

Sec 11242 GC, relating to the liability of a surety in a suit on a bond, closes in the following language: "A judgment for one delinquency shall not preclude the same or other person from bringing an action on the instrument for another delinquency."

The defendant contends that by virtue of this language a surety remains liable in succeeding suits on a bond, notwithstanding he may have paid on some former judgment the full amount of the penalty named in the bond. This court cannot so construe the statute. It is true that the purpose of the enactment was to make the surety liable in successive actions; but the limit of liability assumed by the surety in official bonds of this character is the penal sum named in the bonds. Any other construction would result in great injustice and render it practically impossible to obtain sureties.

It is also true that the statute must be read into and construed as a part of the bond, but nothing in the statute or in the bond indicates that the surety obligated itself to one party, or to separate parties, for any amounts which, in the aggregate, exceed the penal sum named in the bond. Any different holdings are based upon the peculiar phraseology of the statute or of the bond. If Shylock, the prince of usurers, who was obligee in a bond, could say, "I stay here on my bond," certainly these plaintiffs, who are merely sureties would have the same right.

Accordingly, it was held in Squires v Miller, 173 Mich. 304, 138 N. W. 1062, 43 L. R. A. (N. S.) 76, that the surety on a saloon-keeper's bond under the Civil Damage Act of that state remained liable for successive recoveries until he had paid the face of the bond, but that his liability could not exceed the penalty named in the bond. The same holding was made in Merrinane v Miller, 157 Mich. 279, 280, 118 N. W. 11, 25 L. R. A. (N. S.) 585.

So in the case of Bailey v McAlpin, 122 Ga. 616, 50 S. E. 388, the court held that successive actions could be maintained on the bond of a county administrator until the full penalty in the bond had been exhausted. The court on page 631 of 122 Ga., 50 S. E. 388, 395, concludes the discussion of this branch of the case with this statement:

"Of course, when this is done the sureties will be no longer liable to any one on account of the conduct of the county administrator."

To the same effect is Albie v Jones, 82 Ark. 414, 102 S. W. 222, 12 Ann. Cas. 433.

In the case of Bradford v National Surety Co., 207 Ala. 549; 93 So. 473, it was held that a surety on a deputy sheriff's bond is entitled to pay the amount required to satisfy the first judgment rendered thereon, and that he could not successfully defend a second suit brought on the same bond based on the fact that judgment had been recovered in the first action, unless he had in fact satisfied such former judgment. It is significant that in the case just cited the court also held that the surety, having satisfied the first judgment, could bring an action to enjoin the collection of a subse-

quent judgment obtained prior to the satisfaction of the first judgment, and that there could be, no prorating of the liability on the several claims. This latter case was cited with approval in National Surety Co v Graves, 211 Ala. 533, 101 So. 190.

Certainly, in the absence of a statute providing therefor, the surety cannot be made a trustee and the burden be imposed upon him of ascertaining who are all of the present or possible future claimants to share in the amount covered by the bond. However much the idea of prorating liability among the different claims might at first thought appeal to a court of equity, it can have no place in this action because the measure of liability of the sureties is the statute and the terms of the bonds, and the holder of a second judgment can have no equity against a surety who has paid in good faith an earlier judgment which exhausts the full penalty of the bond; the payment being made in order to prevent a levy on the surety's property. To assert a claim of proration in behalf of a second judgment creditor under such cicumstances would be to assert an equity which has no existence.

The state of New York has a statute providing that the amounts due under certain bonds are "to be apportioned ratably among the judgment creditors according to the amount of their respective judgments." The statute of that state also provides a complicated procedure for determining the existence of present or future claims, and for the protection of the surety of the bond. The case of Bleimeyer, Admr v Public Service Mutual Casualty Insurance Corp., 250 N. Y. 264, 165 N. E. 286, was brought under that statute, and illustrates the necessity of a statute and the complications which arise in enforcing it. In the absence of a statute, neither the duty nor the right exists.

For another reason equity cannot order proration among the different claimants under the bonds involved in the case at bar. The record discloses that the attorney for the defendant in this action was also attorney for George H. Bender in his action, and was the assignee and owner of that judgment. Of course it was immaterial to the sureties whether the amount they paid was applied on the judgment of George H. Bender, or on the claim asserted by his wife, Edna B. Bender, if she succeeded in securing a judgment. But her attorney refused to await a review of her judgment, and compelled these plaintiffs to pay the full amount of the bond on the judgment which he owned, and which had been rendered in favor of George H. Bender.

The plaintiffs having paid in good faith on the prior judgment the full amount for which they were liable, they are entitled to a decree enjoining the defendant in this action from enforcing her judgment against them.

Judgment and decree for plaintiffs.

WILLIAMS and CROW, JJ, concur.