155 So. 309

## McWHORTER et al. v. WILLIAMS et al.
### 7 Div. 247.

Supreme Court of Alabama.
May 24, 1934.

Isbell & Beck, of Fort Payne, for appellants.

GARDNER, Justice.

Complainants seek injunctive relief against the further prosecution of damage suits by defendants in the courts of Tennessee; the collision out of which these suits arose having occurred in Alabama where defendants reside.

■ The equity of the bill is primarily rested upon the case of Weaver v. Ala. Great Southern R. R. Co., 200 Ala. 432, 76 So. 364, in which was the holding that where both parties to an action in a sister state are residents of this state, a court of equity may here act in personam and enjoin further prosecution of such suit, where its purpose is to evade the effect of the law of the domicile of the parties, and the effect of which is to obtain an advantage concerning the substantive law of contributory negligence. But the power is one to be sparingly exercised, and no general rule can be laid down as to when the court ought to enjoin a party from prosecuting a suit in a foreign jurisdiction. Each case must be controlled by its own facts. 14 R. C. L. §§ 113–115.

And in Folkes v. Central of Georgia Ry. Co., 202 Ala. 376, 80 So. 458, 461, this court declined to extend the principle in favor of a nonresident corporation seeking to enjoin a resident of this state from the further prosecution of a suit against it in the state of its domicile, saying: "This is a transitory action, and, so far as legal rights are concerned, it has been held that the state is without power to restrict the plaintiff in such action to the courts of Alabama in the prosecution

Scott & Dawson and Haralson & Son, all of Fort Payne, for appellees.

of such a suit (W. U. T. Co. v. Howington [198 Ala. 311], 73 So. 550; Tenn. Coal Co. v. George, 233 U. S. 354, 34 S. Ct. 587, 58 L. Ed. 997, L. R. A. 1916D, 685); and the above-stated rule should be carefully guarded in its application lest it be abused."

Numerous authorities upon this question are reviewed in the note to Delaware, L. & W. R. R. Co. v. Ashelman, 69 A. L. R. 588, among them that of American Express Co. v. Fox, 135 Tenn. 489, 187 S. W. 1117, Ann. Cas. 1918B, 1148, holding such injunction is not to be granted at the instance of a nonresident, in harmony with the observation of this court in Folkes v. Central of Georgia Ry. Co., supra, that no such instance had been called to the attention of the court.

But the granting of such injunctive relief is largely in the discretion of the court, and these observations are considered worthy of note, though not of controlling importance here.

The denial of the relief here, in our opinion, rests upon very substantial grounds. It appears that complainant McWhorter (a resident of Alabama) operates by trucks a freight line between Chattanooga, Tenn., and Gadsden, Ala., and that, as required by law, he carried personal liability insurance in the sum of $10,000; complainant Builders' & Manufacturers' Mutual Casualty Company issuing the policy thereon.

Defendants insist that the negligent operation of one of McWhorter's trucks has given justification for their suits.

Complainant Builders' & Manufacturers' Mutual Casualty Company, the insurer, is a nonresident corporation, and not engaged in business in this state by agent or otherwise.

The bond of the insurer was for the benefit of the general public, who might by accident come within its influence, and by express statutory provision such insurer may be subjected to direct suit by any person sustaining actionable injury protected by the bond. Gen. Acts 1927, p. 309; Gen. Acts 1931, p. 312, § 13; Hodges v. Wells, 226 Ala. 558, 147 So. 672; Continental Auto Ins. Underwriters v. Menuskin, 222 Ala. 370, 132 So. 883.

We construe the bill as disclosing that this insurer was not subject to suit in this state for lack of necessary service. But these defendants had the right to sue McWhorter and his insurer in the same action, and to effectuate that purpose the suit was brought in Tennessee, where service was obtainable against both.

To grant the injunctive relief here prayed would result in an injustice to these defendants in denying to them the right to prosecute their suits jointly against McWhorter and the insurance company, and in practical effect deny to them in a single suit recourse against the insurer whose bond was primarily required by law for their protection. Clearly, a court of equity, in the exercise of a sound discretion, would not so extend the rule recognized in the Weaver Case, supra, as to work such an injustice.

Nor does the mere matter of inconvenience as to the trial (14 R. C. L. § 119), or the fact that a large number of witnesses reside in this state, rendering it necessary to take their depositions, suffice to give the bill equity. 32 Corpus Juris 117; Delaware, L. & W. R. R. Co. v. Ashelman, supra.

We are well persuaded the sufficiency of the bill cannot be rested upon the theory just discussed. Nor can the bill be sustained as one to prevent a multiplicity of suits. A mere community of interest in the question of law and fact involved is not sufficient to sustain the equity of the bill upon any such theory. Roanoke Guano Co. v. Saunders, 173 Ala. 347, 56 So. 198, 35 L. R. A. (N. S.) 491; Hamilton v. Ala. Power Co., 195 Ala. 438, 70 So. 737. Note Georgia Power Co. v. Hudson, 75 A. L. R. 1439, and authorities cited therein.

But the complainant insurance company argues that the penalty of its bond is limited to $10,000, while the suits aggregate a sum largely in excess of this amount, that its liability as thus limited is in the nature of a trust, and there is therefore a community of interest in the subject-matter so as to give equity upon the theory of the prevention of a multiplicity of suits.

The case of Bradford v. National Surety Co., 207 Ala. 549, 93 So. 473, 474, negatives the theory that the insurer's liability on the bond "partook in any degree of the nature of a trust," and that authority, as well as that of National Surety Co. v. Graves, 211 Ala. 533, 101 So. 190, 191, answer the suggestion that the insurer may be subjected, on account of these different suits, to payment in excess of the penalty of the bond. In the latter case, the court, speaking of the rights of the surety, said: "It is entitled to stand on the terms of its contract. When it has paid the penalty of the bond upon judgments lawfully recovered against it, it has met the demands of the law. It cannot be converted into a trustee, with the duty to ascertain all the claimants to the fund and cause it to be apportioned. This would defeat the statute. But the eq-

uity here rests on the relation of the claimants to the fund, as among themselves."

The authorities cited by complainants [among them Home Ins. Co. v. Virginia-Carolina Chemical Co. (C. C.) 109 F. 681; American Central Ins. Co. v. Harmon Knitting Mills (C. C. A.) 39 F.(2d) 21; Milwaukee Mechanics' Ins. Co. v. Ciaccio (C. C. A.) 38 F.(2d) 153] have been examined, and are distinguishable from the instant case.

Illustrative are the two cases last cited, where the equity suits were instituted by the insured and adjustment and apportionment was sought by them, corresponding in a sense with our case of National Surety Co. v. Graves, supra, and the first-cited cases involving a matter of reformation.

These defendants are the ones primarily interested in the matter of adjustment or apportionment, rather than the insurer. 21 Corpus Juris 132, 133; National Surety Co. v. Graves, supra. But any rights they may have do not of course add any force to the equity of a bill filed by the insurer. Clearly analogous is the case of Ætna Ins. Co. v. Hann, 196 Ala. 234, 72 So. 48, 52, where the following language is used: "The fact that each of the insurance policies contains the usual clause providing for the apportionment of the loss among the several insurers of the property destroyed in the proportion of the amount insured by each to the total insurance does not constitute such a community of interest in the subject-matter as to give a bill equity to prevent a multiplicity of suits. This has been held by a great number of courts, and a great number of times. See Mech. Ins. Co. v. Hoover Distillery Co., 173 F. 888, 97 C. C. A. 400, 32 L. R. A. (N. S.) 940 et seq., and note thereto, which collects many of the decisions. In all of the cases in which equity has taken jurisdiction on account of such provisions in insurance policies on the same property it was at the suit of the insured, to prevent his having to bring many suits, and not at the suit of the insurance companies."

And speaking to the question of multiplicity of suits, the court, in the same authority, said: "There is no equity in the bill on the theory that it will prevent a multiplicity of suits. Counsel for appellants concedes that this court is irrevocably committed to the doctrine that, in order for a bill to contain equity on the sole ground of preventing a multiplicity of suits, it must show a community of interest in the subject-matter of the several suits in which the several litigants are interested; that a mere community of interest in the questions of law or of fact involved is not sufficient. The mere fact that one suit in equity can be made a substitute for several actions at law is not sufficient to give equity jurisdiction for this purpose."

The bill does not bring the complainants within the influence of this recognized principle, and it is also lacking in equity upon that theory.

█ Lastly, it is suggested the further prosecution of these suits should be enjoined upon the theory that their trial in the courts of Tennessee would be violative of the Federal Constitution, Const. U. S. Art. 1, § 8, cl. 3, as imposing too great a burden upon interstate commerce, complainant McWhorter being so engaged; and counsel cite Davis v. Farmers' Co-operative Equity Co., 262 U. S. 312, 43 S. Ct. 556, 67 L. Ed. 996; Atchison, T. & S. F. Ry. Co. v. Wells, 265 U. S. 101, 44 S. Ct. 469, 68 L. Ed. 928; Michigan Cent. Ry. Co. v. Mix, 278 U. S. 492, 49 S. Ct. 207, 73 L. Ed. 470.

But the cases are readily distinguishable upon the facts, and the instant case comes within the influence of Hoffman v. State of Missouri, 274 U. S. 21, 47 S. Ct. 485, 486, 71 L. Ed. 905, where the court, distinguishing that case from some of those above cited, said: "Even a foreign corporation is not immune from the ordinary processes of the courts of a state, where its business is entirely interstate in character. * * * It must submit, if there is jurisdiction, to the requirements of orderly, effective administration of justice, although thereby interstate commerce is incidentally burdened."

We do not conceive that this suggestion needs more extended discussion.

Our conclusion is that the bill is lacking in equity upon any of the suggested theories, and that the demurrer thereto was properly sustained.

This conclusion, as a matter of course, disposes of the motion, adversely to appellants, made on submission of the cause without a consideration thereof from any other angle.

It results that the decree will be affirmed, and the motion denied.

Affirmed; motion denied.

BOULDIN, FOSTER, and KNIGHT, JJ., concur.