MADDOX, Justice,
(dissenting).
Because I think that Harbert failed to show that any manifest wrong or injustice would result if the Aabama court denied the injunctive relief, I think the trial court lacked a sufficient basis for the extraordinary relief granted and, as a result, abused its discretion. Accordingly, I respectfully dissent.
As explained in Corpus Juris Secundum:
“[T]he use of the injunctive power to prohibit a person from resorting to a foreign court is a power rarely and sparingly employed, for its exercise represents a challenge to the dignity and authority of that tribunal; and such an injunction will not be granted unless a clear equity is presented requiring the interposition of the court to prevent manifest wrong and injustice.”
43A C.J.S. Injunctions § 59 (1978) (emphasis added; citations omitted). Thus, prosecution of a foreign suit may appropriately be enjoined where the foreign suit will subject the movant to fraud, gross wrong, or oppression or where other similar equitable considerations are involved. Id. See, e.g., Weaver v. Alabama Great Southern R.R., 200 Ala. 432, 76 So. 364 (1917). Athough each case must be assessed under its own unique circumstances, it is clear that a compelling equitable justification for injunctive relief must be present:
“An injunction will not be granted merely because the Complainant prefers to have the matter adjudicated by his own courts, or there is some distrust in the courts of the sister state, or from considerations of mere inconvenience or expense.... ”
43A C.J.S. Injunctions § 59.
The power of an Aabama circuit court to enjoin a party within- its jurisdiction from prosecuting an action in another state is one to be “sparingly exercised.” McWhorter v. Williams, 228 Ala. 632, 155 So. 309 (1934). While the trial court concluded that if the injunction was not granted Harbert would be forced to “expend a greater sum of monies and lawyers fees” and “incur other expenses for which it may not recover,” I find this to be an insufficient basis for granting an injunction. The exercise of equitable jurisdiction to grant injunctive relief should rest on a firmer basis, such as the traditional basis that there is no adequate remedy at law and that the one seeking an injunction will suffer irreparable harm or will be required to face a multiplicity of actions. I find none of the traditional grounds of equitable jurisdiction in the facts here. Inconvenience, which is sometimes a good reason for transferring an action, is not a good ground for an injunction, especially if the injunction would prevent the prosecution of an action in a foreign state and there are no exceptional circumstances to compel such relief.
There is no suggestion that the Texas action was brought or was being prosecuted for improper purposes or that it might have inappropriate consequences. Glitseh, a Texas resident, sued under Texas law, in the forum directed by Texas statute, over a controversy that arose from construction occurring in the state of Texas. There is no suggestion that the law of Texas is more favorable to Glitseh, or more hostile to Har-bert, than the law of Aabama. Consequently, there is no basis upon which to conclude that Glitseh seeks, or could obtain, any advantage (other than convenience) by litigating its claims in Texas rather than Aabama. Furthermore, I think that the alleged “harm” *404 relied on by Harbert fails to provide a sufficient basis for the injunction. As explained above, the expected inconvenience and expense of litigating in the foreign forum do not provide a sufficient basis for enjoining the foreign proceedings.
Based on the foregoing, I respectfully dissent.