No. 2521. HARGROVE *v.* WASHINGTON. November Term, 1889. Appeal dismissed, no brief or points and authorities having been filed as required by the rules. See Rules 8 and 11. Order PER CURIAM January 29, 1890.

No. 2522. HOLLY *v.* BLACKMAN. November Term, 1889. Action of claim and delivery in a trial justice's court for the possession of a horse. Plaintiff claimed that the horse went into defendant's possession under a "conditional sale"—to be his when paid for—and that the note given as further evidence of the amount to be paid for such horse (and a wagon) had never been paid by defendant. Defendant claimed that he had purchased the horse from another person. Parol testimony was offered without objection to show the real agreement of the parties, but when such testimony was again elicited in reply, defendant objected. The trial justice gave judgment for plaintiff and the Circuit Judge (Wallace) sustained the judgment below. Defendant appealed to this court, alleging error in receiving the parol testimony. *Held*, that there was no error in receiving such testimony, because—

1. The action was not on the note, and the testimony did not contradict or add to the note, nor did the note contain, or pretend to contain, all or any of the terms of the agreement, but was only an evidence of the debt intended to be created.

2. The testimony was also competent, because not objected to at the proper time.

Judgment affirmed. OPINION by MR. JUSTICE McIVER, filed February 11, 1890. *W. A. Holman*, for appellant. *M. B. Woodward*, contra.

No. 2525. ELLIS *v.* SANDERS. November Term, 1889. This was an action of foreclosure, and the only point at issue was the amount of interest payable on the bond secured by the mortgage. The bond bore date April 16, 1872, and was in the penal sum of $1,936, with the following condition: "The condition of the above obligation is such that if the above bound Mrs. Mahala Bassett, her heirs, executors, or administrators, shall and do well and truly pay, or cause to be paid, unto the above named Nathaniel W. Ellis, his certain attorneys, executors, or adminis-

trators or assigns, the full and just sum of nine hundred and sixty-eight dollars ($968). Cash, two hundred and fifty dollars; on the first day of January, one thousand eight hundred and seventy-three, two hundred and eighty seven dollars; on the first day of January, one thousand eight hundred and seventy-four, two hundred and seventy six dollars and thirty-four cents; on the first day of January, one thousand eight hundred and seventy five, two hundred and forty-four dollars and twelve cents; on the first day of January, one thousand eight hundred and seventy six, two hundred and eleven dollars and eighty-one cents. And if there should happen to be any delay in either of the payments thereof, then with interest after that day at the rate of one and a half cents per month on each dollar, or eighteen dollars per annum; then the above obligation to be void and of none effect, or else to remain in full force and virtue." Passing by the discrepancy between the aggregate debt, as stated, and the sum total of the several instalments (which was accounted for in the court below upon the theory that each instalment included interest from date to maturity at 18 per cent. per annum), this court agreed with the Circuit Judge (Kershaw), that the interest called for was 18 per cent. per annum after the maturity of the last instalment. "There can be no doubt that the bond does contain a stipulation for the payment of interest at the rate of 18 per cent., and we think that there is as little doubt that there is no time specified within which such a rate is to be paid. * * * Of course, the legitimate conclusion from this view would be that each instalment would bear interest from its maturity, but, as we understand that the theory upon which both the referee and Circuit Judge proceeded was that the interest on each instalment had already been incorporated therein, it would be manifestly improper to allow it again. We are, therefore, of opinion that the conclusion reached by the Circuit Judge affords the best solution of the inquiry as to what is the proper construction of the peculiar terms of the bond. The judgment of this court is, that the judgment of the Circuit Court be affirmed." Opinion by Mr. Justice McIver, February 13, 1890. *W. S. Tillinghast*, for appellant. *E. F. Warren*, contra.

No. 2527.   Rhodes *v.* Russell.   November Term, 1889.