### ELLIS · v. SANDERS.

1. Res Judicata.—Where a referee computed the interest on a bond in suit, and on exception taken as to the rate of interest after maturity, his report was confirmed by the Circuit Court, but ordered by this court on appeal to be reformed in the particular excepted to, the rate of interest charged before maturity cannot afterwards be made a ground of exception.
2. Penal Bond—Amount of Recovery.—Judgment may be rendered on a money bond for the balance due according to the terms of the condition to an amount not exceeding the penalty, however much may have been previously credited as part payments.

Before Fraser, J., Beaufort, June, 1890.

Action of foreclosure by W. J. Ellis, executor, against Susan Sanders *et al.* Both parties having appealed, the case is twice stated in the Brief, and is so written at the head of the opinion.

*Mr. E. F. Warren*, for plaintiff.

*Mr. W. F. Tillinghast*, contra.

June 21, 1891.   The opinion of the court was delivered by

MR. JUSTICE McIVER.   While the foregoing statement, taken from the "Case" as prepared for argument here, would indicate that there were two cases to be heard together, yet there is in fact but one case, in which both parties have appealed.   This is the second appeal in the case, and reference may be had to the case as published in 10 S. E. Rep., 824, where it is more fully reported than in the "Notes of Unreported Cases" in 32 S. C., 584, for a more detailed statement of the facts than it is deemed necessary to make here.   The general question involved is as to the amount due on a bond secured by a mortgage on real estate, which this action was brought to foreclose, which depends upon the proper mode of calculating the interest on the bond, and consequent thereupon another question is presented as to whether judgment can be rendered for an amount which, with the payments made, will exceed the penalty of the bond.

The referee, to whom it was referred to compute the amount still due upon the bond, in his first report made a statement showing that he had calculated the interest on the balance of the total amount of the debt, after deducting the cash payment made on the bond at its date at the rate of 18 per cent. per annum, the rate specified in the bond, up to the dates of the several payments, and after deducting each payment at the date on which it was made, computed the interest at the same rate up to the time of the maturity of the last instalment, after which he made the calculation at the reduced rate of 7 per cent. per annum, and recommended judgment for the amount thus ascertained.   To that report the only exception taken was by the plaintiff, upon the ground that the referee had erred in reducing the rate of interest to 7 per cent. after the maturity of the last instalment, and claiming that interest should have been calculated at the rate of 18 per cent. until the bond was fully paid.   That report with that single exception was heard by his honor, Judge Kershaw, who sustained the exception, and recommitted the report to the

referee, with directions "to compute the amount due on the bond
and mortgage at the rate of interest as specified in the bond, to
wit, eighteen per cent. per annum, or one and one-half per cent.
per month, after maturity of the last instalment." From that
judgment the defendants appealed solely upon the ground that
Judge Kershaw had erred in holding that the bond continued to
draw interest after the maturity of the last instalment at the rate
of eighteen per cent., and this court affirmed that judgment.

Accordingly the referee has reformed his calculation precisely
in accordance with the directions of Judge Kershaw, affirmed by
this court, by continuing the calculation of interest at 18 per cent.,
after as well as before the maturity of the last instalment, and has
made a second report, ascertaining the balance due on the bond on
the 18th of April, 1890, to be $700.22. To this last report the
defendants seem to have excepted. but upon what grounds does
not appear in the "Case," and the report and exceptions were
heard by his honor, Judge Fraser, who overruled the exceptions,
and directed the referee "to ascertain and report amount paid on
said bond, it being the judgment of this court that plaintiff can-
not recover more than the penalty of the bond in excess of the
payments." From that judgment both parties appeal; the de-
fendants upon the ground that the report of the referee "is con-
trary to the order of Judge Kershaw previously made in the
cause, and the decree of the Supreme Court thereon, in this, that
said order of Judge Kershaw recommitted the cause to the ref-
eree to calculate the interest on the bond at 18 per cent. 'from
the maturity of the last instalment,' and the Supreme Court con-
firmed same ; and the referee allowed and reported interest at 18
per cent. on the condition of the bond from its date, regardless
of the instalments, which was confirmed by Judge Fraser, al-
though the Supreme Court declares in said judgment that the
interest prior to the maturity of the last instalment had already
been incorporated in the instalments, 'and it would be manifestly
improper to allow it again.' " The plaintiff's appeal is based
upon the ground that Judge Fraser erred in holding that plain-
tiff could not recover the amount found due by the referee on the
bond ($700.22), although the penalty of the bond is $1,936.

It seems to us that the exception of the defendants is based

upon a misconception both of Judge Kershaw's judgment and the former decision of this court in this case. The only question presented for the decision of Judge Kershaw, and the only one which he decided, was, whether the referee had erred in reducing the rate of interest from 18 per cent. to 7 per cent. after the maturity of the last instalment; and the only question before this court was whether Judge Kershaw had erred in deciding that single question. No exception was taken to the mode adopted by the referee in making the calculation of interest up to the maturity of the last instalment, and hence neither Judge Kershaw nor this court had any authority to determine whether his mode of calculation up to that point was correct or not, and neither undertook to do so. Perhaps the strictly accurate mode of making the calculation would have been to compute the interest on each instalment from the day it became payable at the rate of 18 per cent., allowing credit for the several payments at their respective dates, instead of calculating the interest on the amount of the condition of the bond, after deducting the cash payment from the date of the bond; but, as that would have produced a result much more unfavorable to the defendants than that obtained by the mode adopted by the referee, they have no right to complain.

Indeed, the result of that mode of calculation would have been to compound the interest to a certain extent at least. For in order to account for the anomaly presented by a bond conditioned for the payment of a certain sum of money in four instalments, the aggregate of which exceeds the amount of the condition, the theory was suggested that this discrepancy could and should be accounted for by assuming that the amount of each instalment was fixed by adding thereto the interest thereon at the rate of 18 per cent. from the date of the bond to the day at which each instalment became payable. If this be the correct theory, then it is manifest that the interest on each instalment from the date of the bond to the day when the instalment became payable, would bear interest from that day, and thus the interest to that extent at least would be compounded. It was in reference to that view of the matter that the remark, quoted from the former opinion of this court in defendants' ground of appeal, was made.

But be all this as it may, it is sufficient in this case that neither party having excepted to the mode of calculating the interest adopted by the referee in his first report, except as to the reluction of the rate of interest after the maturity of the last instalment, both parties must be regarded as having acquiesced in the report in every other respect. We do not think, therefore, that defendants' exception can be sustained.

It only remains to consider the exception taken by the plaintiff. We must confess that we do not exactly understand the latter part of Judge Fraser's order, upon which this exception is based, and must suppose that there is some misprint or clerical error. It certainly cannot be understood as simply announcing the general proposition that in an action on a bond the plaintiff cannot recover judgment for more than the penalty, for the amount for which the referee recommended judgment—$700.22—is much less than the penalty; and, indeed, that proposition is not disputed and is fully supported by *Bonsall* v. *Taylor, surviving ex'or of Rives* (1 McCord, 503), recognized and affirmed in *Strobel* v. *Large* (3 *Id.*, 112), and by at least two cases decided by the former Court of Equity, *Cruger* v. *Daniel* (McMull. Eq., 197 *et seq.*), and *Harper* v. *Barsh* (10 Rich. Eq., 155), and by the present Supreme Court in *Dial* v. *Gary and Tappan*, 27 S. C., 177. But as it appears from the report of the referee that the aggregate of the payments credited on the bond, together with the cash payment made on the original debt, which is stated as the condition of the bond at the date of the bond, added to the amount for which judgment was recommended, would exceed the amount of the penalty named in the bond, we suppose the question intended to be made is, whether the plaintiff can recover the balance of the condition remaining unpaid after the application of the payments at their several dates, when such balance, added to the payments already made, exceeds the penalty of the bond, or must the recovery be limited to an amount which, added to the sum of the payments, will not exceed the penalty ?

The question thus stated has been distinctly decided in the case of *Smith & Cuttino* v. *Macon* (1 Hill Ch., 339), where it was held that as long as any portion of the condition of the bond remained

unpaid, the plaintiff could recover to the full extent of the penalty if necessary, even though such unpaid balance, when added to the payments previously made, would exceed the penalty. That decision is conclusive of the question. It is true that, in a note to that case, the reporter does cite the case of *Bonsall* v. *Rivers* (1 McCord, 503), above referred to by its correct title, as in conflict with the decision in *Smith & Cuttino* v. *Macon,* but an examination of the case so cited will show that to be a mistake, as it did not appear in the case of *Bonsall* v. *Taylor* that any payment had been made on the bond, and therefore that case does not touch the present question, and only decides the general proposition that in an action upon a bond judgment cannot be rendered for an amount exceeding the penalty of the bond. But here it is not asked that judgment shall be rendered for an amount exceeding the penalty, but only for the balance due, which is less than the penalty of the bond.

As is said by O'Neall, J., in delivering the opinion of the court in *Smith & Cuttino* v. *Macon, supra:* "The penalty is to secure the payment of the whole condition; any part of it remaining unpaid is a forfeiture of the penalty, which is the debt at law. The party to be relieved against it in equity must pay the amount really due on the condition. What is the amount due on it? The balance of the debt specified in the condition, after applying the payment at the time it was made to the extinguishment of the interest to that time, and the residue to the principal, with interest on the balance to the present time. If this is less than the penalty (as it is admitted to be), the defendant can only claim to be relieved from the penalty by paying such balance." This language is directly applicable to the question under consideration, and concludes the inquiry. We are unable, therefore, to perceive any necessity for the further inquiry, directed by the Circuit Judge, as to the amount paid on the bond, as that already appears from the report of the referee, and as the balance left unpaid also appears from the report of the referee. to be less than the penalty, we see no reason why judgment cannot be rendered for such balance.

The judgment of this court is, that the judgment of the Circuit Court, as herein construed, be so modified as to conform to

16—34

the views above announced, and that the case be remanded to the Circuit Court for the purpose of such further proceedings as may be necessary to carry out such views.