## JANUARY TERM, 1897.

### TAYLOR ET AL. v. BLYTH.

1. PARTIES TO ACTION ON CONSTABLE'S BOND.
An action on a constable's bond is maintainable only in the name of the
people of the state of Colorado.
2. SAME.
The judgment in an action on a constable's bond must be for the full
penalty thereof, and it is for the benefit not only of the person on
whose relation the suit was brought, but of all others who are, or
may become, interested in the enforcement of the bond.

*Appeal from the District Court of Boulder County.*

Mr. O. F. A. GREENE, for appellant.

Messrs. ADAMS & ADAMS, for appellee.

THOMSON, J., delivered the opinion of the court.

Mary J. Blyth brought suit in her own name upon the
official bond of William A. Taylor, a constable of Boulder
county, for an alleged misfeasance in the discharge of his
official duties.  The defendants Clark and Giles were sure-
ties on the bond.  The bond is set forth, in full, in the com-
plaint.  It was conditioned according to law, and its penalty
of $2,000 was made payable to the people of the state of
Colorado.  The defendants demurred to the complaint on
the ground, among others, that it did not state facts sufficient
to constitute a cause of action.  The demurrer was overruled,
and the case went to trial, with the result that final judgment
was entered against the defendants for $143.86.  They come
here by appeal.

The question for determination is, does the complaint show
a cause of action in the plaintiff?  In other words, can the

plaintiff maintain, in her own name, an action upon a constable's official bond, in which the obligors bound themselves to pay the penalty of their obligation to the people of the state of Colorado? We must answer this question in the negative. This bond was in due statutory form. The statute provides that in all cases of suits on constables' bonds, judgment shall be entered for the full penalty in favor of the people of the state of Colorado, but that execution shall only issue for the amount found to be due, with interest and costs; that after judgment is obtained executions may, from time to time, be awarded for other breaches of the conditions, upon proper proceedings instituted for the purpose; and that sureties shall not be liable in execution beyond the amount of the penalty. Gen. Stats., secs. 2069, 2071, 2074. It is evident from the language of the statute that there can be but one action on a constable's bond. Judgment in the action must be in favor of the people, and must be for the full amount of the penalty; the amount due to the party causing the institution of the suit must be ascertained, and execution awarded to him for that amount; if others are damaged by the misfeasance or nonfeasance of the officer, they may, by the institution of proceedings which the statute prescribes, procure executions on the same judgment for the amounts severally due them; and after successive executions have exhausted the judgment the sureties are discharged. The action is statutory, and in its institution, and all subsequent proceedings, the method provided by the statute must be pursued. It is maintainable only in the name of the people, and the judgment recovered is for the benefit not only of the person on whose relation the suit is brought, but of all others who are, or may become, interested in the enforcement of the bond.

The code provision that every action shall be brought in the name of the real party in interest would not enable the plaintiff to maintain this suit in her own name. She is not the owner of the bond, and judgment for the amount of the penalty, which is the only judgment recoverable, could not be

awarded in her favor.   All she can demand, if her claim is sustainable, is the payment of a small sum due to her on account of the constable's official misconduct.   But the statute gives no action on the bond for that sum, and beyond that sum she is not interested.   In a suit for the recovery of the penalty of the bond, she is not the real party in inter-. est within the meaning of the code.   See *Carmichael v. Moore*, 88 N. C. 29.   It was error to overrule the demurrer, and the judgment must be reversed, with instruction to the court below to dismiss the case.

*Reversed.*