DARRAH v. LION BONDING & SURETY CO. (No. 8768.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 19, 1918.)

1. PRINCIPAL AND SURETY ☞136—CONTRACTS —EXTENT OF LIABILITY—REMEDY.

Where three different persons, injured in the same accident, sued a jitney bus owner and his surety for personal injuries, securing judgments, which, when paid, exhausted the amount

of the surety bond, the benefit of the policy was for fourth claimant as well, and he could have intervened in each suit to secure his share.

2. PRINCIPAL AND SURETY ☞136—PERSONS ENTITLED TO SUE.

Where several persons were injured in an accident due to the negligence of a jitney driver, whose surety each notified, and the judgments of three exhausted the amount of the bond, the fourth was still entitled to hold the surety for his pro rata, unless he was guilty of laches in suing surety therefor.

3. PRINCIPAL AND SURETY ☞149—ACTIONS—RELIANCE OF CLAIMANT ON BEING INTERPLEADED BY SURETY.

While a surety could have interpleaded a fourth claimant on the ground of occupying the position of a stakeholder for all injured, when it became apparent that the claims of the other three might exhaust the bond, yet such claimant, with knowledge of other claims, had no right to assume such would be done, and delay enforcement of his claim until surety was bound by other judgments exhausting the bond.

4. PRINCIPAL AND SURETY ☞125—EQUITABLE ESTOPPEL—FAILURE TO ASSERT CLAIM.

Where a claimant against the surety of a jitney bus driver knew others injured in the same accident were asserting their claims, and failed to act diligently, leaving the surety to act in the belief that he had abandoned his claim, and pay other claims, exhausting the bond, he was estopped from holding the surety.

5. PRINCIPAL AND SURETY ☞156—PLEADING—CLAIMANTS TO FUND.

A plea by bonding company that claimant had waived his rights to share in the indemnity paid to other claimants by permitting their judgments to be collected for the maximum amount of the insurance is sufficient to include negligence of claimant in delaying his suit until after such judgments.

6. PRINCIPAL AND SURETY ☞162(2) — QUESTIONS FOR JURY — CLAIMANT'S RIGHT TO FUND.

Evidence, under a plea by surety that claimant had waived his right to share in indemnity paid to other litigants, examined, and held not such as to warrant the court in refusing to submit the same to the jury.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by H. W. Darrah against S. D. Haire and the Lion Bonding & Surety Company. From a judgment in favor of the Lion Bonding & Surety Company, plaintiff appeals. Reversed and remanded in part.

Samuels & Brown, of Ft. Worth, for appellant. H. T. Cooper, of Ft. Worth, for appellee.

DUNKLIN, J. A collision occurred on one of the public streets in the city of Ft. Worth between two jitney motor busses, one of which was owned and operated by H. W. Darrah and the other by S. D. Haire. Darrah was driving his machine with several passengers and was headed north. He was near the east side of the street when Haire approached from the rear at a rapid rate of speed, and in attempting to pass Darrah's vehicle, between it and the east side of the street, his machine became entangled with Darrah's machine, and, being a heavier machine, shoved Darrah's machine upon or so near the street car track running along the center of the street that it collided with a passing street car, and as a result of the impact Darrah's machine was practically demolished and three of his passengers severely injured, one of them being killed.

As required by an ordinance of the city, and as a condition precedent to his right to operate his machine in the city, S. D. Haire executed a bond, with the Lion Bonding & Surety Company as surety thereon, in the principal sum of $2,500, payable to E. T. Tyra, mayor of the city of Ft. Worth, and his successors in office:

"Conditioned that the aforesaid S. D. Haire, the principal herein, shall well and truly pay all legal damages for injury to property of, and all legal damages for injuries sustained by, any person, including injuries resulting in death, on account of the negligence or willful act of the aforesaid S. D. Haire, or of any agent, representative, or servant of said S. D. Haire, in the operation of said motor bus, accruing, occurring, or occasioned during the period for which the aforesaid license may be (or has been) issued. This bond is executed in compliance with and under Ordinance No. 470 of the city of Ft. Worth, passed June 1, 1915, is and shall be a continuing obligation, and successive recoveries may be had hereon until the entire amount hereof shall have been exhausted, and it is expressly stipulated that suit may be brought and recovery had hereon by any person damaged, in his own name, against the principal and sureties hereon and hereof in the same action."

The accident happened on July 27, 1915. On September 8, 1915, three suits were filed against Haire and the Lion Bonding & Surety Company, plaintiff in each case claiming a judgment against Haire for negligence in operating his machine in such a manner as to cause a collision which resulted in personal injuries to each of two of the plaintiffs and in the death of the husband of the plaintiff in another suit, and in each suit judgment was also sought against the Lion Bonding & Surety Company upon the bond it had signed as surety for Haire.

An answer was filed by the Surety Company in each of those suits, and evidence was heard on behalf of the plaintiff, but none was offered in rebuttal of that proof, and the cases were all tried by the court without a jury on the same day they were filed. In one of the suits judgment was rendered for plaintiff for $100, in another for the sum of $300, and in the third for the sum of $2,100, making an aggregate of $2,500, which was the full amount of the penalty named in the bond.

Soon after the accident occurred the agent of the Surety Company, whose office was in the city of Ft. Worth, was notified of the claims of different persons, including the plaintiffs in the other suits and also H. W. Darrah, plaintiff in this suit. The attorney for the Surety Company began negotiations with the attorney representing the three plaintiffs who instituted the suits mentioned above relative

to the claims of the respective plaintiffs for damages, and after a thorough investigation of the facts, continuing for one month and a half, the attorney for the Surety Company reached the conclusion that under the terms of the bond there was no escape from liability on the part of his company, but the judgments rendered were not agreed judgments, but were upon proof heard, as stated above. Two or three days after the rendition of the judgments they were paid off by the Surety Company. No judgment was taken against Haire because of his insolvency.

Prior to the institution of those suits, Darrah employed attorneys to institute a suit for him to recover damages for personal injuries to himself and also for the loss of his machine, but no suit was instituted for him prior to the rendition of the judgments above mentioned. After the rendition of those judgments and before they were paid, Darrah's counsel instituted this suit, and notified the attorney of the Surety Company thereof.

This suit was instituted by Darrah against Haire and the Surety Company to recover damages for personal injuries to himself and for injury to his motor bus as a result of the accident. Both Haire and the Surety Company filed answers. In the answer of the Surety Company the rendition of the judgments in the three other suits and the payment thereof by the Surety Company was specially pleaded as a full satisfaction and discharge of any and all liabilities under and by virtue of the surety bond executed by the company. This plea by the Surety Company was sustained by the trial court, and judgment was rendered in favor of that defendant, from which judgment the plaintiff has prosecuted this appeal. Judgment was also rendered in plaintiff's favor against Haire for the sum of $750, from which no appeal was taken.

In the present suit Darrah sought a recovery against the bonding company for a pro rata of the $2,500, the amount of the insurance for which the policy was issued, and all of which was paid out on the three judgments mentioned above; the claim being predicated upon the theory that the insurance was for the benefit of all the persons injured in the same accident, and that, as the amount was insufficient to satisfy all those claims, it should be prorated among them in proportion to the amount of damages sustained by each person having a cause of action therefor.

[1] Of course, the insurance was for the benefit of Darrah as well as the other claimants, and, if he had intervened in the three suits, he would have been entitled to share in the amount of insurance, if the insurance company was liable to any of them; and that such liability existed is conclusively established by the judgments in the three former suits against the company and the judgment in the present suit against Haire, the validity of none of which was questioned.

[2, 3] We have been cited to no decision involving the question now under discussion and have found none; but upon general equity principles we are of the opinion that Darrah did not lose his right to participate in the amount of such insurance unless he was guilty of laches in failing to institute his suit against the bonding company prior to the rendition of the three judgments mentioned. No doubt the bonding company could have interpleaded him in those suits upon the theory that it occupied the position of a stakeholder for the benefit of all persons injured in the accident; but, in the absence of any collusion between it and the other claimants for the purpose of precluding Darrah from a share in the indemnity, we do not think it can be said that Darrah, with full knowledge of the claims of other parties injured, had the right to rely upon the assumption that such action would be taken by the bonding company, and to negligently delay the institution of his suit against the company until after it had been cast in judgments in favor of the other claimants for the full amount of the bond. Under the surrounding circumstances, which were within his knowledge, he owed the duty to prosecute his claim with reasonable diligence, to the end that the bonding company might not be required to pay more than the maximum indemnity by reason of his delay in suing.

[4] With knowledge that the other persons injured were asserting their claims, he owed the duty to exercise ordinary diligence to press his own claim, and thereby avoid misleading the bonding company into the belief that he had abandoned it, and, acting upon that belief, to pay the full amount of insurance to the other claimants. We see no escape from the conclusion that the principles of estoppel would apply in favor of the company under the circumstances instanced.

[5] The bonding company specially pleaded that Darrah waived his right to share in the amount of indemnity paid to the other litigants by permitting judgments to be rendered in their favor and to be collected by them for the maximum amount of such insurance. In the absence of an exception thereto, that plea was broad enough in its terms to include the issue of negligence on the part of Darrah in delaying the institution of his suit until after the rendition of the judgments in the other suits, which judgments were final and valid and binding upon the company.

[6] And while there was evidence to support the plea, it was not of such conclusive force as to sustain the plea as a matter of law, and to warrant the action of the court in so holding, and in refusing to submit the plea to the jury for their determination. And for that error the judgment denying plaintiff any recovery against the bonding company must be reversed, and the cause re-

manded for another trial of the issues as between those parties, but the judgment in favor of plaintiff against Haire will not be disturbed.

Reversed and remanded in part and undisturbed in part.

CONNER, C. J., not sitting. Serving on Writ of Error Committee at Austin.

---

⟡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes