15793

BROWN v. NATIONAL SURETY CORP. OF NEW YORK

(36 S. E. (2d), 588)

*Mr. Fred L. Hiers,* of Bamberg, Counsel for Appellant.

*Mr. Thomas M. Boulware,* of Allendale, Counsel for Respondent,

January 21, 1946.
*Per Curiam.*

The order appealed from meets with our approval, and will be reported as the opinion of this Court, omitting, however, next to the last paragraph thereof, beginning with the words: "Of course, the total judgments * * *."

Exception overruled.

### Order of Judge Henderson

This action is brought by the plaintiff against the National Surety Corporation of New York, on a highway patrolman's bond which was furnished pursuant to section 6004 of the Code. The plaintiff alleges that she was damaged in the sum of $2,000.00 by the acts of the patrolman, L. O. Wiggins, and that the conditions of the bond have been broken.

The defendant, in the second defense of the answer, sets forth that the bond was given in the penal sum of $2,000.00, and that two other like actions have been instituted in this Court against the defendant, based on the same bond, in each of which damages are claimed in the sum of $2,000.00; and that there were six occupants of one of the automobiles referred to in the complaint who may or may not institute like actions against the defendant, based on this bond. The defendant claims that if it is liable under the bond in any amount to any person or persons, its liability is limited to

the sum of $2,000.00, and that if the plaintiffs in any or all of such actions now pending or hereinafter instituted should recover judgments against it amounting in the aggregate to more than $2,000.00, then in such event all of the said plaintiffs should be restrained from attempting to collect their judgments in full, and that payment to each of them of his or her proportionate share of the $2,000.00 as apportioned by the Court among the several judgments according to their respective amounts, should be adjudged full satisfaction of each of the judgments; and that payment of any one or more of the judgments should be held in abeyance by the Court until the total liability of the defendant on the bond shall have been determined.

The plaintiff demurs to this defense, on the ground that it does not state facts sufficient to constitute a defense, because it appears on the face thereof that it is contrary to Section 6004 of the Code.

The question presented by the demurrer, therefore, is simply this: Is the amount of liability of the defendant under its bond limited to the sum of $2,000.00, or is every person who is injured and recovers a judgment for $2,000.00 or less entitled to collect it, although the aggregate of such several judgments may exceed the sum of $2,000.00?

Section 6004 reads in part as follows:

"Every officer authorized by this chapter to enforce the provisions of this chapter shall file with the highway department a bond, subscribed by some duly licensed surety company, conditioned for the faithful performance of his duties; for the full, prompt and proper accounting for all funds coming into his hands and conditioned to pay any judgment recovered against him in any court of competent jurisdiction upon a cause of action arising out of breach or abuse of official duty or power, and damages sustained by any member of the public from any unlawful act of such officer."

Act No. 518 of the General Assembly, Acts of 1944, 43 St. at Large, pages 1431, 1496, in Section 53(d) provides:

"Every officer authorized by Chapter 128, Volume III, Code of 1942, to enforce the provisions of said Chapter shall file with the Highway Department a bond in the sum of Two Thousand ($2,000.00) Dollars for the purpose set forth and provided in Section 6004 of said Chapter."

Paragraph two of the second defense of the amended answer states that the defendant, National Surety Corporation, for the year 1944 filed with the Highway Department a bond "conditioned as required in said section 6004", and that the penal sum of the bond is the sum of $2,000.00.

This interesting question was raised in the case of *Ætna Casualty & Surety Company v. Yonce*, 181 S. C., 369, 187 S. E., 536, 539, but it was not necessary in that equity action, on a motion for a temporary injunction, to decide it. However, the Court stated that "we agree with the ruling of the lower court that the plaintiff has an adequate remedy at law, and may set up any defenses which it may have in the cases brought by Yonce and Smith in Edgefield County, and to this end the plaintiff is given a period of twenty days from the filing of the remittitur within which to answer the complaint in these actions."

The case of *Small v. National Surety Corporation*, 199 S. C., 392, 19 S. E. (2d), 658, deals with this section of the Code, but the point here at issue was not involved in that case.

The general rule is well settled that the liability of surety is limited to the amount, or the penal sum, stated in the bond.

At 11 C. J. S., Bonds, § 57, p. 432, it is said:

"The object of a penalty in a bond is to limit the obligation of the signers, and in the absence of a condition extending his liability a surety cannot be held liable for more than the penal sum named. Also, the liability of a surety on a

statutory bond cannot be enlarged by implication beyond its terms and its statutory office."

In American Jurisprudence, Vol. 43, Section 415, under the title of Public Officers, it is stated:

"Unless otherwise provided, and subject to an exception as respects interest, the liability of sureties on an official bond is limited by the penalty of the bond, and if the penalty is larger than required by statute, the liability, it has been held, should be limited to the amount required by law."

In 57 C. J., at page 1020, which treats of Sheriffs and Constables, it is declared:

"In general, the liability of the sureties on the official bond of a sheriff or constable is limited to the penal, sum named therein; and a recovery for the full amount of the bond prevents a recovery from the sureties for any other defaults, even though actions therefor are then pending."

In the title Officers, 46 C. J., 1084, it is said:

"If the damages exceed the penalty, the common law governs, and the penalty is all that can be recovered, except, in some jurisdictions, where the excess is in the form of interest."

Treating of "Principal and Surety," it is stated at 50 C. J., page 74:

"A surety on a bond is not liable beyond the penalty named therein. The application of this doctrine to the matter of interest, costs, and attorney's fees, is elsewhere discussed. If the amount of the penalty is insufficient to satisfy all claims, it should be apportioned."

The case of *Mitchell v. Laurens*, 41 S. C. L., 109, 7 Rich., 109, involved an action on the official bond of a master in chancery. It was held that the several creditors could recover the amount of the penalty of the bond, and that if the damages and judgments in their suits exceeded the penalty, they must take ratably.

In the case of *Bonsall v. Taylor*, 12 S. C. L., 503, 1 McCord, 503, the Court concurred "in the opinion that the

plaintiff is not entitled to recover more than the penalty of the bond."

In the case of *Treasurers v. Bates,* 18 S. C. L., 362, 2 Bailey, 362, it was held that several creditors could recover the penalty of a sheriff's bond, to be prorated among them. The statute in that case, pursuant to which the bond was given, provided "that the bonds may at all times be sued for by the public or any private person, who shall or may think themselves aggrieved by any misconduct of any sheriff." 18 S. C. L., at page 379, 2 Bailey, at page 379.

The Supreme Court stated in the case of *Ellis v. Sanders,* 34 S. C., 236, 13 S. E., 417, that judgment may be recovered on a bond according to its terms in an amount not exceeding the penalty.

The great weight of authority from the other states of the Union sustains the proposition that where several persons have causes of action on a public or official bond, they may not together recover more than the penalty of the bond, although the aggregate of the judgments may exceed the penalty. *Humphreys v. Leggett,* 21 How., 66, 16 L. Ed., 50; *Bradford v. National Surety Co.,* 207 Ala., 549, 93 So., 473; *Witter v. Massachusetts Bonding & Insurance Co.,* 215 Iowa, 1322, 247 N. W., 831, 89 A. L. R., 1065; *Albie v. Jones,* 82 Ark., 414, 102 S. W., 222, 12 Ann. Cas., 433; *Taylor v. Blyth,* 9 Colo. App., 81, 47 P., 662; *Bailey v. McAlpin,* 122 Ga., 616, 50 S. E., 388; *State ex rel. Walker v. Ford,* 5 Blackf., Ind., 392; *Waddle v. Wilson,* 164 Ky., 228, 175 S. W., 382; *Marcy v. Praeger,* 34 La. Ann., 54; *Squires v. Michigan Bonding & Surety Co.,* 173 Mich., 304, 138 N. W., 1062, 43 L. R. A. (N. S.), 76; *Guffanti v. National Surety Co.,* 196 N. Y., 452, 90 N. E., 174, 134 Am. St. Rep., 848; *Southern Surety Co. v. Bender,* 41 Ohio App., 541, 180 N. E., 198; *American Surety Co. v. Lawrenceville Cement Co.,* C. C., 96 F., 25; *Darrah v. Lion Bonding & Surety Co.,* Tex. Civ. App., 200 S. W., 1101; *Jitney Bus Ass'n v. City of Wilkes Barre,* 256 Pa., 462,

100 A., 954; *Maryland Casualty Company v. Alford,* 10 Cir., 111 F. (2d), 388.

It appears that the only exception to this rule is made in the State of Washington, where the contrary view is held, as is shown by the following cases: *Salo v. Pacific Coast Casualty Co.,* 95 Wash., 109, 163 P., 384, L. R. A., 1917-D, 613; *Nelson v. Pacific Coast Casualty Co.,* 96 Wash., 43, 164 P., 594; *Paulsell v. Peters,* 9 Wash. (2d), 599, 115 P. (2d), 708.

Does the wording of the statute and of the bond in the instant case take it out of the general and almost universal rule, that no recovery may be had in excess of the amount of the bond?

The case of *Yongue v. National Surety Corporation,* 190 S. C., 421, 3 S. E. (2d), 198, 199, in dealing with a bond exactly like the one in question, states that the liability of the bondsman "depends upon the letter of the bond and is not to be extended by implication. However, in construing such bond, it is to be reasonably construed, so as not to defeat the purpose of requiring sureties for the protection of the public."

The statute, section 6004, is to be regarded as included in and made a part of the bond. This was expressly held in the case of *Small v. National Surety Corporation* above, where the Court was dealing with an identical form of bond. It will be evident, therefore, that the decisive point in the case is the determination of the meaning of the words "any judgment", "any member of the public," and "any unlawful act of the officer"; and especial attention must be given to the meaning of the word "any".

This word has many and various meanings, as may be seen by reference to a standard dictionary, So varied, and indeed so conflicting, are the numerous meanings of this word, that twenty-two pages of definitions and footnotes are devoted to it at 3 C. J. S., Any, p. 1398. While it is

perfectly true that from these many definitions a wide variety of meanings may be selected, it will be seen that the word does not necessarily, in all cases, mean the same thing as "all", nor is it always synonymous with the term "each and every." It may not reach to the full limit of "all"; "each and every" makes no exception or omission, and must extend to all.

In the case of *Tuten v. Bowden,* 173 S. C., 256, 175 S. E., 510, 511, 94 A. L. R., 1443, a note provided that the endorser waived any benefit which might accrue to him "by reason of any extension of time granted to the principal." The Supreme Court held that "any extension" meant "one extension" and did not mean each and every extension.

In *Trumbo v. Finley,* 18 S. C., 305, the Court held that the phrase "at any time or sitting" is only another way of saying "at any one time or sitting."

In the statute in question, it will be noted also that "any" is used in connection with nouns in the singular. Indeed, the word as used in the singular seems to have been derived from the Anglo-Saxon word meaning "one."

In my opinion the word "any", in the statute and in the bond, is not to be construed to mean "each and every." I do not think it was intended that the liability of the defendant, on this bond, should exceed $2,000-.00. I do not think that several persons can recover under the bond the sum of $2,000.00 each, or a total of many thousands. In my opinion the wording of the statute does not make this bond different from the usual one, on which liability may not exceed its amount or penal sum.

No reason appears why the bond of a highway patrolman should be construed differently from that of a sheriff or other officer. Section 3045 of the Code provides for the form of their bonds, and section 3054 says that "the bond of any public officer in this State may at all times be sued on by the public, any corporation, or private person, aggrieved by any misconduct of any such public officer." It will be noted

that while the section uses the word "any", it seems to be clear that the bond of a sheriff, for example, is not liable for more than the penalty.

Rule 71 of the Circuit Court provides that after a judgment has been recovered on an official bond it shall stand as security for any former or subsequent breach of it, and that any one who may conceive himself aggrieved by the misconduct of the officer shall have a right to come in and suggest the breach of the bond of which he complains and pray execution of his damages. This appears to mean that the injured persons are confined in their aggregate judgments to the penalty of the bond.

Looking to the broad aspects of the case, it is without doubt true that bonding companies have to have some basis for the fixing of their risks and premium rates. If the construction of the bond is as contended for by the plaintiff, that the bond is liable for each and every judgment for $2,000.00 or less, even though they aggregate more than $2,000.00, the company would have no definite basis for fixing the amount of premiums, as it would be utterly impossible for it to know how many people would be damaged by the acts of the patrolman.

In this case there are nine persons who were injured at the same time and place and who, as stated in the answer, have instituted actions or may do so. If all of these recover the full $2,000.00 (and it is of course possible that they may do so), the liability of the company, growing out of this occurrence, would, as contended by the plaintiff, be $18,-000.00 on a $2,000.00 bond. Of course, under the contention of the plaintiff the liability under such a bond might be considerably greater, indeed it might be $2,000.00 multiplied by the number of the traveling public with whom the patrolman might come in contact.

As stated in several of the decisions of our Supreme Court, the bond must be considered from the standpoint of its purpose to protect the public, and it is

argued that the public is not protected if the total liability to several persons is confined to $2,000.00, and that it would be most unfortunate for one to be damaged and be without complete remedy merely because at the same time another person has been injured.

It seems to me that the answer to this contention is that it does not often happen as it did here that many persons are injured in the same transaction, and at the same time and place. Usually one person at a time is damaged. After a bond has been exhausted by $2,000.00 liability the highway department would no doubt require a new bond, before permitting the officer to return to duty, and such new bond would in most instances be in effect when a second injury occurred. At any rate the $2,000.00 limit is fixed by the Legislature. It is of course solely a legislative matter, depending upon the judgment and wisdom of the General Assembly.

No doubt in the great majority of cases, $2,000.00 of liability is ample. The patrolmen do not handle much money at a time, and it is seldom that they are involved in lawsuits.

Even under the plaintiff's contention that the bond is liable up to $2,000.00 for every breach, in a sense there was here only one breach of the bond, the one act of the patrolman happening to cause the alleged injury to several persons.

It is accordingly ordered that the demurrer of the plaintiff to the second defense of the answer be, and it is hereby overruled.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER, concur.

MR. ASSOCIATE JUSTICE FISHBURNE did not participate.